**Arthur Lee WILLIAMS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 69147.

Court of Criminal Appeals of Texas, En Banc.

May 20, 1987.

Carol J. Carrier, James Stafford, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft, Keno Henderson, Andy Tobias and Charley Davidson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION ON REMAND FROM THE UNITED STATES SUPREME COURT

DUNCAN, Judge.

Appellant was convicted of capital murder and assessed the death penalty. On appeal, this Court affirmed the judgment and sentence. *Williams v. State*, 682 S.W.2d 538 (Tex.Cr.App.1984). Thereafter, the appellant requested a writ of certiorari from the United States Supreme Court.

In his appeal to this Court the appellant claimed, among other things, that "the trial court committed reversible error by not quashing the venire where it was shown that the Prosecutor exercised five (5) peremptory challenges against black jurors in violation of appellant's Sixth and Fourteenth Amendment Rights guaranteed under the U.S. Constitution." Citing *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), this Court rejected this point of error stating: "the mere exercise of peremptory challenges is not sufficient to sustain the ground of error; there is no showing of systematic exclusion." *Williams v. State, supra* at 543.

That was the law. However, while *Williams* was pending review in the United States Supreme Court the case of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) was decided. *Batson*, in its most fundamental terms, held the "State's purposeful or deliberate denial of jury participation to black persons because of race violates a defendant's rights under the Equal Protection Clause of the United States Constitution." *Keeton v. State*, 724 S.W.2d 58, 65 (Tex.Cr.App.1987). Consequently, "a prosecutor may not challenge potential jurors solely on account of their race." *Id.*

Earlier this year the Supreme Court concluded that the dictates of *Batson v. Kentucky, supra,* are retroactively applicable to all cases on direct appeal or those that were not yet final at the time the *Batson* case was issued. *Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

Because the appellant's case was not yet final, the Supreme Court —— U.S. ——, 107 S.Ct. 1266, 94 L.Ed.2d 128 vacated the judgment of this Court and remanded it for further consideration in light of *Griffith v. Kentucky, supra.*

After the jury had been selected, but before the indictment was read to the jury, the appellant interposed an objection in the form of a motion for mistrial to the composition of the jury. A part of that objection was that "the state has made a conscious effort to use their peremptory challenge [sic] to excuse blacks...." When confronted with an issue of this nature, the policy of this Court is to remand the case to the trial court for a hearing in keeping with the *Batson* decision. *Keeton v. State, supra; Henry v. State,* 729 S.W.2d 732 (Tex. Cr.App.1987). Consistent with such policy, this case is remanded to the trial court for a *Batson* hearing.

"At this hearing the appellant shall be given the opportunity to raise the inference that the State improperly exercised its peremptory strikes. If appellant makes this showing to the satisfaction of the trial court, the State should then be required to come forward with a neutral explanation for the use of its strikes. If the trial court determines, under *Batson,* supra, that purposeful discrimination has been established, then the trial court should enter this finding in his findings of fact and conclusions of law." *Keeton, supra,* at 66. Such findings of facts and conclusions of law shall be forwarded to this Court for review.

W.C. DAVIS and CAMPBELL, JJ., not participating.