**George Allen CLEVELAND, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–078–CR.**

Court of Appeals of Texas,
Fort Worth.

June 11, 1987.

Alley & Alley, and T. Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Betty Stanton, Asst. Dist. Atty., Fort Worth, for State.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

OPINION ON MOTION FOR
REHEARING

KELTNER, Justice.

In its motion for rehearing, the State contends that it never had an opportunity to explain its use of peremptory challenges because the trial court never ruled that Cleveland had established a prima facie

case of discrimination.[1] The State also contends the motion for new trial hearing was not a proper *"Batson* hearing." Accordingly, the State suggests that we abate the appeal and order the trial court to conduct a proper *"Batson* hearing."

The State's motion for rehearing is granted.

Once again, a review of the facts is necessary. Cleveland objected that the State used six of its peremptory challenges to strike all black jury panelists from the jury. In support of his motion, Cleveland introduced evidence that he was black, all black panelists were struck, and that no black jurors were impanelled. Inasmuch as the trial occurred before the United States Supreme Court holding in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), Cleveland did not ask nor did the trial court conduct a hearing, requiring the State to offer a "neutral explanation" for the strike of six black panelists.[2] As a result, no explanation was offered.

However, a hearing on Cleveland's motion for new trial was conducted. During that hearing, the State called the chief trial prosecutor, who testified regarding the State's exercise of its peremptory challenges.[3] The prosecutor testified:

Q. Were you involved in the trial of George Allen Cleveland?

A. I was.

Q. And, in fact, you are the chief prosecutor assigned to this court?

A. I am.

Q. Who's case was it at the time that it was tried?

A. The case was actually assigned to yourself, Mr. Edwin Youngblood.

Q. And you assisted me in the prosecution; is that correct?

A. That's correct.

Q. Have you read a copy of the Defendant's Motion for New Trial?

A. I have.

Q. With reference to the second allegation, which has something to do with peremptory challenges by the prosecutors, are you familiar with the nature of the motion in that respect?

A. I am.

Q. Are you familiar with the term "systematic exclusion of juror"? [sic]

A. I am.

Q. Does that term properly apply to the trial of George Allen Cleveland?

A. It does not.

Q. Why not?

A. In my opinion, the State did not engage in the systematic exclusion of any particular class of jurors in the trial of George Allen Cleveland.

. . . .

(CROSS–EXAMINATION)

Q. Okay. Do you recall the testimony in the offer of evidence that was presented back during that case on a motion which we filed for systematic exclusion?

A. I recall some of it.

Q. But would you agree that the—all the Negro members of the panel who were eligible to sit on this jury were struck by the prosecution through the use of peremptory challenges?

A. As far as I can recall, that's true.

Q. And the Defendant in this case is a member of the Negro race; is that correct?

A. That's correct.

Q. And as far as your use of peremptory challenges, do you recall any one pro-

---

**1.** The State argues that the trial court must decide whether Cleveland established a prima facie case of discrimination. However, the State admits that this court's "implicit assumption of the striking of all black jurors requires an explanation by the prosecutors" is correct.

**2.** As stated in our original opinion, Cleveland's case was tried before the *Batson* decision. We do not and cannot fault Judge Davis for failing to conduct a *Batson* hearing, because he could

not have known the new requirements required by the Supreme Court either at the time of trial or at the time of the motion for new trial hearing.

**3.** It is interesting to note that the record reflects that while the chief trial prosecutor was present, he was not the lead counsel during the trial. However, the State did not call lead counsel to offer any explanation for the striking of the six black panelists.

spective Black member that you struck as to the reason that you struck him?

A. Not at this time.

As stated in our original opinion, the testimony of the chief trial prosecutor does not, as a matter of law, offer a neutral explanation. His testimony consisted of conclusionary terms which were condemned by the United States Supreme Court. *Batson*, 106 S.Ct. at 1723. The State now contends that the motion for new trial hearing was not a "*Batson* hearing," because the trial court never concluded that Cleveland had established a prima facie case of discrimination. As a result, the State argues that it was denied its opportunity to offer evidence that it did not engage in purposeful discrimination.[4]

At the outset, we do not pass on the State's assertion that it has no duty to offer evidence of a neutral explanation for striking jurors until the trial court makes an affirmative finding of a prima facie case of discrimination. We note that the United States Supreme Court did not require that the trial court make an affirmative ruling in *Batson*.

However, at the time of the motion for new trial hearing, the litigants in court did not have the benefit of the *Batson* opinion and so stated for the record. In this case, we have applied *Batson* retroactively, as mandated by the United States Supreme Court and the Texas Court of Criminal Appeals. It is only fitting that we give the State a complete opportunity to offer any neutral explanation it may have for using its peremptory challenges to strike the only six black panelists on the jury panel. In so doing, we follow the Texas Court of Criminal Appeals' opinion in *Williams v. State*, 731 S.W.2d 563 (Tex.Crim.App.1987).

As a result, we modify our previous holding, 728 S.W.2d 490 abate this appeal, and remand to the trial court to conduct a "*Batson* hearing," in accordance with our order signed this date. In so doing, we direct the trial court to do the following:

> At this hearing [Cleveland] shall be given the opportunity to raise the inference that the State improperly exercised its peremptory challenges. If [Cleveland] makes this showing to the satisfaction of the trial court, the State should then be required to come forward with a neutral explanation for the use of its strikes. If the trial court determines, under *Batson*, that purposeful discrimination has been established, then the trial court should enter this finding in its findings of fact and conclusions of law."

*Id.*

Accordingly, the motion for rehearing is granted.

---

**4.** The State contends that we misread the chief trial prosecutor's testimony when we stated that he "offered no explanation for the striking of the prospective Black members of the panel." The State points out that the chief trial prosecutor did not recall the reasons for striking any of the black members and did not state there was no neutral explanation.