**Gerald ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00663–CR.**

Court of Appeals of Texas, Dallas.

Oct. 20, 1987.

Jim Dunn, Sherman, for appellant.

Royal Mullins, Greenville, for appellee.

Before WHITHAM, ROWE and HECHT, JJ.

HECHT, Justice.

A jury convicted Gerald Adams of aggravated assault on a peace officer, and the trial court assessed punishment at five years' imprisonment. The sole question on appeal is whether the trial court erred in denying Adams' motion for mistrial which was based upon his allegation that the State used its peremptory strikes to exclude blacks from the jury. We answer no, and affirm the judgment of the trial court.

Six weeks after Adams was tried, the United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), changed the evidentiary standard for proving a denial of constitutional equal protection resulting from a criminal prosecutor's use of peremptory strikes to exclude members of a racial group from a jury. *Batson's* requirements apply retroactively to cases like this one pending on direct appeal or not yet final, if the issue is preserved. *Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *Henry v. State,* 729 S.W.2d 732, 734 (Tex.Crim.App.1987). Adams' request that the State be instructed not to excuse any juror on the basis of race was sufficient to preserve the issue for appeal in a pre-*Batson* case. *See Henry,* 729 S.W.2d at 736–737; *Keeton v. State,* 724 S.W.2d 58, 65–66 (Tex.Crim.App. 1987).

In cases tried prior to *Batson* in which a complaint of error in the State's exercise of its peremptory challenges is preserved in the trial court and raised on appeal, the proper procedure is for the appellate court to abate the appeal and direct the trial court to conduct a further hearing to determine, under the standards of *Batson,* based upon all relevant circumstances at the original trial and this hearing, whether there has been purposeful racial discrimination in the State's exercise of its peremptory strikes. *See Batson,* 107 S.Ct. at 1725; *DeBlanc v. State,* 732 S.W.2d 640, 642 (Tex.Crim.App.1987); *Henry,* 729 S.W.2d at 737; *Keeton,* 724 S.W.2d at 66; *Yarbough v. State,* 732 S.W.2d 86, 89–90 (Tex.App.— Dallas 1987, pet. granted); *United States v. Leslie,* 813 F.2d 658 (5th Cir.1987). We have followed this procedure here, directing the trial court to hold a hearing and make these additional determinations. The trial court has complied with our order.

At the *Batson* hearing the trial court found that Adams established a prima facie case of purposeful discrimination. The trial court appears to have based its finding solely on the fact that the State used its peremptory challenges to exclude three of four black veniremen from the jury. There is no quantitative formula for determining whether a defendant has made a prima facie case of purposeful discrimination by the State in exercising its peremptory challenges. *Rodgers v. State,* 725 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1987, no pet.). *Batson* clearly mandates the trial court to make "a sensitive inquiry" into "all relevant circumstances" in determining whether purposeful discrimination is shown. A trial court may find purposeful discrimination in the State's challenge of

only one prospective juror. *Keeton*, 724 S.W.2d at 65 n. 5. Likewise, a trial court may find no purposeful discrimination in the State's challenge to all members of a racial group. The State may, but should not be required to explain the reasons for its exercise of peremptory strikes merely out of an abundance of caution, but only after a finding of prima facie discrimination has been made. *See Batson*, 106 S.Ct. at 1725 (White, J., concurring).

■ Here, the State offered its reasons for exercising its strikes before the trial court determined whether a prima facie case of discrimination had been shown. We therefore need not review the propriety of the trial court's threshold determination in this case, and we assume without deciding that Adams made out a prima facie case of discrimination. With respect to the reasons offered by the State, the trial court found:

> The State rebutted the prima facie case of the Petitioner by offering the following racially neutral explanation for its actions on each of the struck veniremen:
>
> a) As to ... Juror No. 2, said juror was currently on probation for a misdemeanor DWI conviction and had stated earlier in the day that he would be prejudiced against the State because of this misdemeanor prosecution.
>
> b) As to ... Juror No. 7, said juror was struck by the State due to the juror's transportation problem wherein her only mode of transportation to the trial would be by the Commerce Police Department, the law enforcement agency that arrested the Petitioner, which arrangement would tend to imply that the police were showing favors to this juror.
>
> c) As to ... Juror No. 14, said juror was struck by the State because she stated in an earlier criminal jury voir dire examination that she was best friends with the Petitioner's mother; that this friendship would have no impact upon her ability to find the Petitioner guilty, if actually proved; and that the State did not believe her answers at that time to be true, but believed her to be

a biased juror in favor of the Petitioner.

From these findings the trial court determined "that the State followed racially neutral criteria in exercising its peremptory strikes, and such strikes were not used in a racially discriminatory manner." We conclude that these findings and determination of the trial court were fully justified on this record.

Inasmuch as the State's use of its peremptory strikes was not unlawfully discriminatory, the trial court did not err in denying Adams' motion for mistrial. Accordingly, we overrule Adams' sole point of error and affirm the judgment of the trial court.