Nathaniel WILTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–357–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1988.

J. Brent Liedtke, Humble, Jack C. Brock, Galveston, for appellant.

Michael J. Guarino, Vicki J. O'Kelley, Galveston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant entered a plea of not guilty to the offense of attempted aggravated sexual assault. He was found guilty by a jury and the court assessed his punishment at ten years probation and ordered him to make restitution in the amount of $6590.00. We abate the appeal.

Appellant asserts three points of error. In his first point of error, Appellant contends the trial court erred in allowing the State to bolster the in-court identification. In his third point of error, Appellant asserts error in the denial of his Motion to Quash the Indictment where the State failed to produce the grand jury testimony of a witness. However, in his second point of error, Appellant maintains the trial court erred in failing to sustain his *Batson* challenge to the jury based upon the prosecutor's exercise of its peremptory strikes to strike all of the black veniremen from the jury panel.

After the jury was empaneled, but prior to the commencement of the trial, Appellant objected to the empaneled jury "on racial grounds." The record shows that Appellant was a black male, the complainant was a white female, and only four black persons were on the jury panel. The State exercised its peremptory challenges to strike all four of the black members of the panel. The State argues that Appellant waived any error by failing to object before the jury was sworn and by failing to obtain a ruling on that objection.

The State correctly asserts that the proper time to raise a *Batson* objection is after the peremptory strikes have been made but prior to the jury being sworn. *Rodgers v. State*, 725 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1987, no pet.). However, this trial took place on November 11, 1985, prior to the Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In cases tried prior to the *Batson* decision, the Court of Criminal Appeals has held that the defendant is not required to make his objection prior to the jury being sworn. The defendant is only required to "present the issue to the trial court." *DeBlanc v. State*, 732 S.W.2d 640, 642 (Tex.Crim.App.1987); *Henry v. State*, 729 S.W.2d 732, 736 (Tex. Crim.App.1987).

We find from our review of the record that Appellant adequately raised the *Batson* issue at trial. Appellant objected to the jury "on racial grounds" and pointed out to the court that the prosecutor struck all four black members of the jury panel. An evidentiary hearing on the objection was deferred by agreement until after presentation of the State's case-in-chief. At that hearing, the prosecutor was the only witness to testify. He gave specific, racially neutral reasons for striking two of the black veniremen, Ms. Ella M. Tucker and Mr. Talmadge McClain. He then testified generally that he did not strike any of the black panel members because of their race, but stated he struck them because he thought other members would be better jurors for this particular case. At the conclusion of the hearing, the judge informed the attorneys that he would defer his decision on the objection until they presented him with authorities supporting their respective positions on the issue. Apparently the court was not supplied with any author-

ity because no ruling was made on the *Batson* objection.

 At the time of the hearing, neither the court nor the litigants had the benefit of the *Batson* opinion and its guidelines. As we have applied *Batson* retroactively pursuant to *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) and *DeBlanc v. State*, 732 S.W.2d 640, it is equitable and fair to give the State an opportunity to offer any racially neutral explanation it may have for exercising its peremptory challenges to strike each of the four black members of the jury panel. *Chambers v. State*, 742 S.W.2d 695 (Tex. Crim.App.1988); *Cleveland v. State*, 730 S.W.2d 886, 888 (Tex.App.—Fort Worth 1987, no pet.). In such a situation it is proper to remand the case to the trial court for a *Batson* hearing. *See Williams v. State*, 731 S.W.2d 563, 564 (Tex.Crim.App.1987). At the hearing, Appellant must establish facts sufficient to raise the inference that the State improperly exercised its peremptory strikes to exclude the veniremen because of their race. If Appellant makes this showing to the satisfaction of the trial court, then the burden shifts to the State to come forward with a racially neutral explanation for each strike. The trial court must then determine whether purposeful discrimination has been established. *Keeton v. State*, 724 S.W.2d 58, 66 (Tex.Crim.App. 1987); *Henry v. State*, 729 S.W.2d at 737. If the trial court determines that purposeful discrimination has been established, then the trial court should enter this finding in its findings of fact. *Keeton v. State*, 724 S.W.2d at 66.

It is therefore ordered that the 122nd District Court of Galveston County conduct a hearing consistent with *Batson, DeBlanc, Henry* and *Keeton* to determine: (1) Whether Appellant can demonstrate a prima facie case of discrimination which raises an inference that the State improperly exercised its peremptory strikes; (2) If Appellant makes this showing to the satisfaction of the trial court, the State shall articulate its racially neutral explanations for the striking of black veniremen; and, (3)

The trial court shall determine whether purposeful discrimination has been established. The trial court shall hold such a hearing and file a supplemental record with the Clerk of this Court on or before March 1, 1988. The supplemental record shall consist of the statement of facts from the hearing and a supplemental transcript containing findings of fact and conclusions of law.

This appeal shall be abated pending the filing of the supplemental record.