John Fitzgerald **SMITH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–89–143 CR.

Court of Appeals of Texas, Beaumont.

May 16, 1990.

Gaylyn Cooper, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, for state.

---

## OPINION

BURGESS, Justice.

A jury found appellant guilty of robbery. After a plea of "true" to a repeat offender count, the jury assessed punishment at thirty years' confinement in the Texas Department of Corrections. Appellant urged five points of error. In an unpublished opinion dated January 10, 1990, we overruled the first four points of error and abated this appeal without ruling on the final point of error so the trial court could enter findings of fact and conclusions of law.[1] Those findings of fact and conclusions of law were filed with this court on February 8, 1990. We sustain point of error five and reverse and remand for new trial.

Point of error five argues the trial court erred in accepting the prosecutor's explanation concerning the use of a peremptory strike in violation of *Keeton v. State*, 724 S.W.2d 58 (Tex.Crim.App.1987) [*Keeton I*] and *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The record does reflect appellant is black and four of the five peremptory challenges taken by the state were exercised against black veniremen. The trial court held a *Batson* hearing and the prosecutor gave her explanations for striking the four veniremen. Since the record contains the prosecutor's explanation of the reasons for the strikes we are not called upon to address whether appellant established a prima facie case of deliberate discriminatory exercise of peremptory strikes, but rather we will only address whether the trial court abused its discretion in finding that the prosecutor did not improperly exercise racial discrimination in striking black panel members. *Holman v. State*, 772 S.W.2d 530 (Tex.App.—Beaumont 1989, no pet.). The state then has the burden of proving it exercised its peremptory strikes for racially neutral reasons. *Batson, supra,* 476 U.S. at 94, 106 S.Ct. at 1721, 90 L.Ed.2d at 86.

The trial court found the defendant made no formal motion for a *Batson* hearing, that there is nothing at that point to show the defendant was of a cognizable racial group nor does the record reflect that the court took judicial notice of that fact, and that the record is silent as to the race of the potential jurors. Nevertheless, the trial court found, and the record reflects, that a *Batson* hearing was indeed held. Defense counsel noted specific jurors struck by the state were black. The defense attorney and the trial judge refer to what they are doing as a *"Batson* motion". During this hearing one of the prosecutors stated that a specific juror who did serve on the jury was "of the black race, which is the same as the defendant." The photograph of appellant in the "pen packet" introduced during the trial leaves absolutely no doubt about his race. The prosecutor exercised only five of ten peremptory strikes available, and four of the five strikes were exercised upon potential jurors who were black. Thus, the trial court's findings of fact that appellant did not make a prima facie showing of racial discrimination are not supported by the record.

The first black potential juror struck by the state had six sons, all of whom were "in trouble", and he stated he could not consider the full punishment range. The second potential juror had a cousin represented by defense counsel on a robbery charge. The third potential juror knew appellant and had a brother in the penitentiary for robbery. The prosecutor thus presented racially neutral reasons for striking these veniremen.

The prosecutor stated her reason for striking the final venireman as follows:

The State struck number 18 for purely peremptory reasons. During the entire procedure of the voir dire this juror stared at the State's attorney, ... and her visceral reaction to this stare was of a negative feeling. And the State felt as though this juror would not be favorable for their position. It was clearly for no racial purpose whatsoever that this juror

1. In our previous opinion, we indicated the trial court could conduct an additional hearing to further develop the record. No hearing was held and the record is silent whether either side requested the court to conduct such a hearing.

was struck, but purely because the reaction and the communication between the juror and [Prosecutor] was of a negative context.

The trial court found the strikes were made purely for reasons unrelated to race, found no racial purpose in striking the veniremen, found the prosecutor's explanations to be plausible, her testimony credible and true. The trial court overruled appellant's motion. Our role as an appellate court is, considering the evidence in the light most favorable to the trial judge's rulings, to determine if those rulings are supported by the record. *Keeton v. State*, 749 S.W.2d 861 (Tex.Crim.App.1988) [*Keeton II*].

Although the prosecutor's explanation for the exercise of the peremptory challenge is racially neutral on its face, the prosecutor must give clear and reasonably specific explanations of "legitimate reasons" for the challenge. Illustrative of the types of evidence that can be used to show sham or pretext are: (1) the reason given for the peremptory challenge is not related to the facts of the case; (2) there was a lack of questioning to the challenged juror or a lack of meaningful questions; (3) disparate treatment between persons of same or similar characteristics; (4) disparate examination of members of the venire; and (5) an explanation based on group bias where the group trait is not shown to apply to the challenged juror specifically. *Keeton II*, 749 S.W.2d at 868.

Here, the state's attorney did not ask the venireman a single question on voir dire. There is no support in the record for the prosecutor's explanation that the juror was staring at her. This explanation, taken alone, cannot meet the requirement of reasonable specificity of legitimate reasons for the challenge approved in *Keeton II*. Although defense counsel was free to cross-examine the prosecutor and failed to do so, it is the state's burden to first establish a reasonably specific racially neutral explanation. Considering the record in the light most favorable to the trial court's ruling, we determine the findings concerning the prosecutor's explanations for striking the fourth juror are not supported by the record and that the explanation is insufficient as a matter of law to rebut appellant's prima facie showing of racial discrimination. Point of error five is sustained and the cause remanded to the trial court for new trial.

REVERSED AND REMANDED.