Clyde T. HUTCHINSON, Jr., Appellant,

v.

The STATE of Texas.

No. 827–01.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 9, 2002.

Kevin McCarter, Marshall, for Appellant.

Al Davis, Assistant District Attorney, Marshall, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HOLCOMB, and COCHRAN, JJ., joined.

Appellant was convicted by jury of burglary of a building, alleged to have oc-

curred on or about August 9, 1999. He then plead true to the two enhancement allegations, and the jury sentenced him to 20 years imprisonment. The record reflects that, after *voir dire*, appellant asserted that the state had excused five of seven African–Americans on the panel and objected to the state's discriminatory use of peremptory challenges pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). After the *Batson* challenge was raised, the prosecutor articulated race-neutral explanations for striking four of the black venire members. The trial court immediately thereafter stated, "Okay. Motion denied." There was no discussion of the fifth black venire member who had been peremptorily stricken by the state.

On appeal, appellant reasserted *Batson* error in the state's exercise of peremptory challenges in a racially discriminatory manner, arguing that, since the state completely failed to justify its strike as to the fifth venire member, the trial court's ruling was clearly erroneous. The court of appeals abated the appeal and remanded the cause to the trial court with instructions to hold a new *Batson* hearing and to make written findings and conclusions as to whether a particular venire member had been struck for racial reasons. *Hutchinson v. State*, No. 06–00–00044–CR (Tex. App.-Texarkana, delivered February 21, 2001, unpublished). On return from remand, the court of appeals reviewed the record as amended and concluded that the trial court's denial of the *Batson* challenge was not error. *Hutchinson v. State*, 42 S.W.3d 336, 342 (Tex.App.–Texarkana 2001). After disposing of appellant's other points of error, the court of appeals affirmed appellant's conviction and sentence. *Hutchinson, supra.*

We granted appellant's petition for discretionary review on three grounds: the court of appeals erred; 1) in ordering the trial court to supplement the record with written findings of fact and conclusions of law that were not required by law to be made; 2) in ordering the record supplemented; and 3) in "unfairly allowing the State to supplement the record with regard to [his] *Batson* challenge, thereby giving the State two bites at the apple."

■ In *Berry v. State*, 995 S.W.2d 699 (Tex.Crim.App.1999), the trial court, at the request of the state, made supplemental "Findings of Fact and Conclusions of Law" about two months after the court of appeals received the official record. Over appellant's objection, the court of appeals considered the supplement, which consisted of recollections by the trial court of off-the-record conversations with appellant. We unanimously held that, unless a trial court has failed to make findings and conclusions that are required by law, supplemental findings and conclusions made after the trial record is received by the court of appeals are null and void and should not be considered by the court of appeals. "The court of appeals should not have ordered or accepted the trial court's supplemental findings of fact and conclusions of law, but rather should have decided the case based on the record as originally presented." *Id.* at 702. We may distinguish the instant case from Berry in that the supplemented record here was made by order of the court of appeals, rather than being submitted *sua sponte* by the state.

■ We reaffirmed the *Berry* ruling in *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim.App.2001), in which the defendant sought to supplement the record with a docket sheet from another, unrelated, case with which he wanted to impeach the testimony of a state's witness. We said that "[w]hile Rule 34.5(c)(1) permits supplementation of an appellate record with material that has been omitted from the ap-

pellate record, the rule cannot be used to create a new appellate record." *Id.* The question thus becomes, does the supplemented record in the instant case contain material omitted from the record or does it constitute a new appellate record?

We note that we have long abated appeals and remanded cases to the trial court to conduct a *Batson* hearing when the trial court had erroneously denied such a hearing after the requisite *prima facie* showing had been made. In the first *Batson* appeal heard by this Court, *Henry v. State*, 729 S.W.2d 732, 737 (Tex.Crim.App.1987), the trial court had overruled Henry's complaints that the prosecutor had struck all of the black venire members. The court of appeals affirmed. *Id.* at 733. After Henry filed his petition for discretionary review, the Supreme Court issued its decisions in *Batson* and *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). *Id.* This Court remanded the cause to the court of appeals "with instructions that it abate the appeal and order the trial court to make the determinations described in Batson...." *Henry*, at 737. In *Robinson v. State*, 738 S.W.2d 673, 675 (Tex.Crim.App.1987), a capital murder, we held that *Batson* would apply to all cases pending on appeal when *Batson* was issued. *Id.* at 674. We then abated the

appeal "with instructions to the trial court to conduct further proceedings consistent with this opinion and with *Batson.*" *Id.* at 675. In *Trevino v. State*, 841 S.W.2d 385 (Tex.Crim.App.1992), another capital murder, Trevino requested that the state be required to articulate its reasons for using its peremptory challenges to strike all the qualified black members of the venire. The trial court refused. This Court affirmed the conviction. *Id.* at 386. On remand from the United States Supreme Court, we remanded the cause to the trial court "with instructions to conduct a full adversarial hearing complying with *Batson....*" *Id.* at 387. In *Emerson v. State*, 820 S.W.2d 802, 804–05 (Tex.Crim. App.1991), the state struck four of six black venire members. Emerson challenged the strikes under *Batson* and cited facts to support his claim, such as two sets of similarly situated venire members, one white and one black venire member in each set; in each set, the white was seated, while the black was struck. The trial court ruled that Emerson had not made a *prima facie* case of discriminatory use and refused to hold a hearing or require the state to provide race-neutral explanations. The court of appeals affirmed. *Id.* at 803–04.[1] We remanded the cause to the trial

---

1. This court and the courts of appeals have repeatedly abated appeals and remanded cases with instructions for the trial court to conduct a *Batson* hearing where a proper *Batson* hearing had not previously been conducted. *See, e.g.: Kemp v. State*, 846 S.W.2d 289, 303 n. 8 (Tex.Crim.App.1992), *cert. denied*, 508 U.S. 918, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993); *Harris v. State*, 827 S.W.2d 949, 954 (Tex.Crim.App.1992), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992); *Rousseau v. State*, 824 S.W.2d 579, 585 (Tex.Crim.App.1992); *Tompkins v. State*, 774 S.W.2d 195, 201 (Tex.Cr. App.1987), *aff'd by equally divided Court*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989); *Miller–El v. State*, 748 S.W.2d 459 (Tex.Crim.App.1988); *Chambers v. State*, 742

S.W.2d 695 (Tex.Crim.App.1988); *DeBlanc v. State*, 732 S.W.2d 640, 642 (Tex.Crim.App. 1987); *Williams v. State*, 731 S.W.2d 563 (Tex.Crim.App.1987); *Keeton v. State*, 724 S.W.2d 58, 67 (Tex.Crim.App.1987); and *Marx v. State*, 953 S.W.2d 321, 332 (Tex.App.-Austin 1997, *affd.* 987 S.W.2d 577 (Tex.Crim. App.1999)); *Harper v. State*, 930 S.W.2d 625, 628 (Tex.App.-Houston [1st Dist.] 1996, no pet.); *Godine v. State*, 874 S.W.2d 197, 203 (Tex.App.-Houston [14th Dist.] 1994, no pet.); *Webb v. State*, 840 S.W.2d 543, 545 (Tex.App.-Dallas 1992, no pet.); *Minard v. State*, 836 S.W.2d 287, 292 (Tex.App.-Dallas 1992, no pet.); *Newsome v. State*, 829 S.W.2d 260, 262 (Tex.App.-Dallas 1992, no pet.); *Taylor v. State*, 825 S.W.2d 212, 214 (Tex.App.-Houston

court "for a proper *Batson* hearing." *Id.* at 805.

■ When a *prima facie* showing has been made, pursuant to *Batson, supra,* and Tex.Code Crim. Pro., Art. 35.261, the law requires that the trial court conduct a *Batson* hearing and make the determinations prescribed by *Batson.* However, when such a *Batson* hearing has already been held, we have found only two cases in which we returned the cause to the trial court for a hearing. In *Salazar v. State,* 795 S.W.2d 187 (Tex.Crim.App.1990), the trial court had held a hearing on the *Batson* challenges to the state's use of peremptory challenges to eliminate all minorities from the venire. The state explained its reasons for striking the only Hispanic venire member,[2] but the trial court refused to allow the defense counsel to attempt to rebut those reasons. This court reversed the court of appeals and returned the case to the trial court for "a proper

*Batson* hearing." *Id.* at 194. The cause was remanded rather than the appeal abated. The second case, *Guzman v. State,* 85 S.W.3d 242 (Tex.Crim.App.2002), like *Henry* produced a change in the law; for the first time, a majority of this Court condoned the federal "dual motivation" analysis of discriminatory and non-discriminatory bases for peremptory strikes by a party. Such circumstances of new law do not exist in the instant case.

■ Our case law leads to the conclusion, that when there has been a *prima facie* showing of discriminatory use of peremptory strikes but no *Batson* hearing, the supplemented record represents material omitted from the record. The trial court here held a *Batson* hearing, but only as to the first four venire members. There was no hearing as to the fifth venire member. Under our case law, abatement to hold a *Batson* hearing as to only the

[1st Dist] 1992, no pet.); *Garcia v. State,* 802 S.W.2d 817, 819 (Tex.App.-Houston [1st Dist.] 1990, no pet.); *Jones v. State,* 795 S.W.2d 32, 34 (Tex.App.-Houston [1st Dist.] 1990, no pet.); *Guilder v. State,* 794 S.W.2d 765, 766 (Tex.App.-Dallas 1990, no pet.); *Somerville v. State,* 792 S.W.2d 265, 269 fn. 3 (Tex.App.-Dallas 1990, pet. ref'd); *Smith v. State,* 790 S.W.2d 794, 795 (Tex.App.-Beaumont 1990, no pet.); *Hawkins v. State,* 783 S.W.2d 288, 292 (Tex.App.-Dallas 1989, no pet.); *Newsome v. State,* 771 S.W.2d 620 (Tex.App.-Dallas 1989, pet. ref'd); *Williams v. State,* 767 S.W.2d 872, 875 (Tex.App.-Dallas 1989, pet. ref'd); *Allen v. State,* 753 S.W.2d 792, 793 (Tex.App.-Beaumont 1988, no pet.); *Wiltz v. State,* 746 S.W.2d 303, 305 (Tex.App.-Houston [14th Dist.] 1988, no pet.); *Miller v. State,* 741 S.W.2d 501, 502–03 (Tex.App.-Corpus Christi 1987, pet. ref'd); *Adams v. State,* 740 S.W.2d 60, 61 (Tex.App.-Dallas 1987, pet. ref'd); *Williams v. State,* 736 S.W.2d 906 (Tex.App.-Corpus Christi 1987, no pet.); *Cleveland v. State,* 730 S.W.2d 886, 888 (Tex.App.-Fort Worth 1987, no pet.).

We also observe that abatements have been ordered for other legal requirements. *See, e.g.: Casey v. State,* 924 S.W.2d 946, 949

(Tex.Crim.App.1996) (for a competency hearing); *Martinez v. State,* 74 S.W.3d 19, 22 (Tex.Crim.App.2002) (for hearing on new trial motion); *Green v. State,* 906 S.W.2d 937, 939–40 (Tex.Crim.App.1995) (for trial court to satisfy requirement that it prepare written order stating conclusions as to whether or not inculpatory statement made by capital murder defendant was voluntary, along with specific findings of fact upon which conclusion was based); *Bonham v. State,* 644 S.W.2d 5, 8 (Tex.Crim.App.1983) (for trial court to reduce to writing its findings of fact and conclusions of law on the disputed fact issues surrounding the taking of a confession); *McGee v. State,* 711 S.W.2d 257, 260 (Tex.Crim.App.1986) (for transcription of entire *voir dire* examination); *Spence v. State,* 758 S.W.2d 597, 599–600 (Tex.Crim.App.1988) (to make an offer of proof or perfect a bill of exception for excluded evidence).

2. The court of appeals heard the cause before the United State Supreme Court handed down *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), which allowed defendants to challenge discriminatory use on any minority group, not just their own.

fifth challenged venire member is permitted. We therefore hold that the court of appeals was authorized to abate the appeal and order the trial court to supplement the record by making findings and conclusions regarding appellant's *Batson* challenge as to the fifth venire member.

Appellant's grounds for review are overruled. The judgment of the court of appeals is affirmed.

KELLER, P.J., and HERVEY, J., concurred in result.