Affirmed and Opinion filed December 14, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00068-CR



 

MARK W. MCQUEEN, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the County
Criminal Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 5459



 

OPINION

Appellant,
Mark W. McQueen, was convicted by jury in a Houston municipal court for failure
to maintain a safe speed[1]
and assessed a fine of $200.00.  He appealed to County Criminal Court at Law
No. 1,[2]
contending in four issues that the municipal court erred by (1) denying his
request for a Batson hearing, (2) overruling an evidentiary objection,
(3) sustaining the State’s objection to his jury argument, and (4) denying his
motion for instructed verdict.  The county criminal court affirmed, and
appellant presented us with the same four issues.[3] 
We preliminarily determined that appellant made a prima facie showing of
racial discrimination in the State’s exercise of its peremptory strikes.  
Therefore, we abated this case and ordered the municipal court to conduct a
full Batson hearing.  Following the hearing, the municipal court
concluded the State did not engage in purposeful racial discrimination and
denied appellant’s Batson motion.  A record of the hearing and the municipal
court’s findings of fact and conclusions of law were filed with our Court. 
Having reinstated this case, we now consider the merits of appellant’s issues
and affirm the municipal court’s judgment.

I.   Background

In April
2005, Mark David Hart was driving his pickup truck westbound on Highway 290 in
Houston.  Hart came to a complete stop on the highway when traffic became
congested.  While he was speaking on his telephone, he noticed in his rear-view
mirror a semi-truck approaching.  The semi-truck struck Hart’s vehicle from
behind, pushing it across the left-hand lane and into a retaining wall.  At
trial, Hart identified appellant as the driver of the semi-truck.

II.   Analysis  

A.   Evidentiary Issue

We begin
with appellant’s second issue, in which he contends the municipal court erred
by overruling his objection to a question posed by the State.  At trial, the
following exchange occurred during the State’s direct-examination of Hart:

[Prosecutor:]  
Now, did -- but prior to being hit, did you operate your vehicle with ordinary
care?

[Defense
Counsel:]  Objection.  Misstatement of the law.

[Municipal
Court:]  Overruled.

[Prosecutor:] 
Did you operate your vehicle correctly?

[Hart:] 
Yes, I did.

            On appeal, appellant
argues that, by asking Hart whether he operated his vehicle with ordinary care,
the State erroneously sought Hart’s opinion on an ultimate fact issue reserved
for the jury.  We conclude this complaint was not properly preserved for
appellate review.  It is not clear from the “misstatement of the law” objection
or surrounding context that appellant was objecting on the ground that the
State’s question invaded the province of the jury.  See Tex. R. App. P.
33.1(a)(1)(A); Campos v. State, 256 S.W.3d 757, 760 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d).  Accordingly, we overrule
appellant’s second issue.

B.   Texas
Transportation Code Section 545.351

Appellant’s
third and fourth issues concern his interpretation of Transportation Code
section 545.351, which provides, in pertinent part:

(b) An operator:

(1) may not drive a vehicle at a speed greater than is
reasonable and prudent under the conditions and having regard for actual and
potential hazards then existing; and

(2) shall control the speed of the vehicle as
necessary to avoid colliding with another person or vehicle that is on or
entering the highway in compliance with law and the duty of each person to use
due care. 

Tex. Transp. Code Ann. §
545.351(b) (emphasis added).  

            In his fourth
issue, appellant argues the municipal court erred by denying his motion for
instructed verdict.  In his motion, appellant challenged the sufficiency of the
evidence supporting the jury’s implicit findings that Hart was on “the highway
in compliance with law” and exercised his duty of due care.  Appellant contends
section 545.351(b)(2)—specifically, the language “is on . . . the highway in
compliance with the law”—requires that the State present evidence supporting a
conclusion that the driver of the other vehicle complied with every existing
vehicle-related regulation.  Appellant lists a sample of over twenty traffic
regulations[4]
and argues that “[t]he State should have negated the possible violations of
these and countless other laws that [Hart] may not have been in compliance with
at the time.”  

This
issue requires us to interpret statutory language.  When interpreting
a statute, we seek to effectuate the collective intent of
the legislators who enacted the statute by giving effect
to the plain meaning of the statutory text, unless
application of the statute’s plain
meaning would lead to absurd consequences that the
legislature could not possibly have intended.  Boykin v. State, 818
S.W.2d 782, 785 (Tex. Crim. App. 1991).  

In light
of the purpose of section 545.351(b)(2), establishing that the driver of the
other vehicle was “on or entering the highway in compliance with law” does not
necessitate presentation of evidence that his vehicle passed state inspection,
for example.  It would be an unreasonable interpretation of the statute to
require the State to prove the driver of the other vehicle complied with
“countless” vehicle-related regulations, many of which have little or nothing
to do with whether the driver of the other vehicle bore responsibility for the
collision due to his own negligence or vehicle operation.  Accordingly, we
reject appellant’s construction of section 545.351(b)(2).

Relative
to appellant’s sufficiency challenge, we conclude the evidence supports beyond
a reasonable doubt the jury’s determination that Hart was operating his vehicle
in compliance with law and the duty of each person to use due care.  Hart
testified that he had been traveling in the middle lane of traffic for at least
five miles when traffic became congested, causing him and other drivers to slow
down abruptly.  He explained that around 10:00 a.m., his pickup truck was at a
complete stop and he was talking on the telephone when appellant’s semi-truck
collided with the rear of his vehicle.  He also testified that he was operating
his vehicle “correctly” at the time of the collision.  Appellant did not cross-examine
Hart on these issues.  Viewing all the evidence in the light most favorable to
the verdict, we conclude that a rational jury could have found the essential
elements of the offense beyond a reasonable doubt.  Young v. State, 14
S.W.3d 748, 753 (Tex. Crim. App. 2000).[5]
 Accordingly, we overrule appellant’s fourth issue.

In his
third issue, appellant contends the municipal court erred by sustaining the State’s
objection to his jury argument.  During jury argument, appellant attempted to
argue that the State did not prove “Hart had a driver’s license, had any
insurance, [or] his vehicle was inspected and was registered.”  The municipal
court sustained the State’s objection that this argument is irrelevant to
Hart’s operation of his vehicle.  For the reasons outlined above, we conclude
the municipal court did not err by sustaining the State’s objection.  We
overrule appellant’s third issue.    

C.   Batson Challenge

Lastly,
we address appellant’s first issue, in which he contends the municipal court
erred by (1) concluding appellant did not make a prima facie showing of
racial discrimination by the State in its use of peremptory strikes, (2)
failing to ask the State to provide the reasons for its peremptory strikes, and
(3) denying appellant’s Batson motion.

Under Batson
v. Kentucky, a party may not exercise its peremptory strikes during jury
selection to exclude a potential juror solely on the basis of race.  476 U.S.
79, 85–86 (1986).  A defendant objecting that the State has violated Batson
must make a prima facie showing of racial discrimination in the State’s
exercise of its peremptory strikes.  See Herron v. State, 86 S.W.3d 621,
630 (Tex. Crim. App. 2002).

As
explained above, we previously determined that appellant made a prima facie showing
that the State engaged in racial discrimination by using two of its three
peremptory strikes to strike two of the three black venire members. 
Accordingly, we abated this case and ordered the municipal court to conduct a
full Batson hearing.[6] 
The municipal court has done so and concluded that the State did not engage in
purposeful racial discrimination by striking two of the three black venire
members.  We now review this conclusion.

After
the defendant makes a prima facie showing, a presumption arises that the
peremptory strikes were used to discriminate on a racial basis, and the burden
shifts to the State to present race-neutral explanations for the strikes.  See
id.  Once the State has articulated race-neutral explanations, the burden
shifts back to the defendant to prove the State’s explanations are actually a
pretext for discrimination.  See id.  The trial court then determines
whether the defendant carried his burden of proving discrimination.  Id.
 Because the trial court’s decision often turns largely on an evaluation of
credibility, we give the trial court’s decision great deference and will not
overturn it on appeal unless it is clearly erroneous.  Id.  We review
the record of a Batson hearing
and the voir dire examination in the light most
favorable to the trial court’s ruling.  Young v. State,
283 S.W.3d 854, 866 (Tex. Crim. App. 2009).

  At the
Batson hearing, the prosecutor testified regarding his reasons for
striking the black venire members.  According to the prosecutor, he struck one
of the members because she indicated she did not drive.  The prosecutor
explained, “We were dealing with a case involving an automobile accident; and,
of course, I felt that it was kind of pertinent that the people have
acquaintance with driving a car and being able to relate to the fact that, you
know, drivers have to maintain certain distances and just what it’s like about
driving a car.”  The prosecutor also testified that he struck another black
venire member because he had received a traffic ticket within the last five
years and “kind of halfway raised his hand and kind of put it down” when asked
if he believed the ticket was unjust.  The prosecutor explained, “I felt that
since he felt the ticket was unjust . . . he might be a little bit biased
against the State[.]”  Thus, the prosecutor proffered race-neutral explanations
for striking two of the three black venire members.[7] 


On
cross-examination, defense counsel challenged the prosecutor on his ability to
remember why he struck venire members in a routine case that occurred five
years before.  Defense counsel also established that the prosecutor was unable
to remember the race of every venire member.

Viewing
the evidence in the light most favorable to the municipal court’s ruling, we
cannot conclude that the court clearly erred by denying appellant’s Batson
motion.  The primary determination for the court was whether it believed the
prosecutor still remembered why he exercised his strikes.  Apparently, the
court did believe the prosecutor, and we afford great deference to this
credibility determination.  See Herron, 86 S.W.3d at 630. 
Accordingly, we overrule appellant’s first issue.

We
affirm the municipal court’s judgment.        

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Frost, and Seymore.

Publish
— Tex. R. App. P. 47.2(b).

 









[1]
See Tex. Transp. Code Ann. § 545.351 (West 1999).





[2]
See Tex. Gov’t Code Ann. §§ 30.00014, .00024 (West Supp. 2009)
(governing appeal to county criminal court from municipal court).





[3]
See Tex. Gov’t Code Ann. § 30.00027(b) (West 2004) (providing that the
same briefs and record before county criminal court are filed with court of
appeals).   





[4]
The cited regulations govern, among other matters, seatbelt use, driver’s
licenses, inspection stickers, and vehicle size and weight. 





[5]
While this appeal was pending, five judges on the Texas Court of Criminal
Appeals held that a single standard should be used to evaluate whether the
evidence is sufficient to support a criminal conviction beyond a reasonable
doubt: legal sufficiency.  See Brooks v. State,
--- S.W.3d ---, 2010 WL 3894613, at *1, *11 (Tex. Crim. App. Oct. 6, 2010)
(plurality op.); id. at *22 (Cochran, J., concurring).  Accordingly, to
the extent appellant challenges the factual sufficiency of the evidence, we
review such challenge under the legal-sufficiency standard.  See Pomier v.
State, --- S.W.3d ---, No. 14-09-00247-CR, 2010 WL 4132209, at *2 (Tex.
App.—Houston [14th Dist.] Oct. 21, 2010, no pet. h.) (adopting single standard
of review required by Brooks).





[6]
See Hutchinson v. State, 86 S.W.3d 636, 638–39 (Tex. Crim. App. 2002)
(“[W]e have long abated appeals and remanded cases to the trial court to
conduct a Batson hearing when the trial court had erroneously denied
such a hearing after the requisite prima facie showing had been
made.”).   





[7]
An explanation is race-neutral if it is “based on something other than the race
of the juror.” Hernandez v. New York, 500 U.S. 352, 360 (1991).  The
State’s reason need not be persuasive or even
plausible.  Purkett v. Elem, 514 U.S. 765, 767–68
(1995) (per curiam).  The State’s explanation will be deemed race-neutral “[u]nless
a discriminatory intent is inherent in the prosecutor’s explanation.”  Hernandez,
500 U.S. at 360.