Thomas Jefferson SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 43552.

Court of Criminal Appeals of Texas.

March 31, 1971.

Mike Barclay, Ted H. Mitchell, Dallas, for appellant.

Jimmy Morris, Dist. Atty., Corsicana, and Jim D. Vollers State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault. The punishment, assessed by the court following a verdict of guilty, is 30 years.

The record reflects that on the night of December 14, 1969, Tom McBride, night clerk at the Holiday Inn in the city of Corsicana, was robbed of approximately $255.47. McBride identified the appellant as his assailant.

In his initial ground of error appellant contends his conviction is invalid since it is based in part upon an extrajudicial written confession obtained in violation of Articles 15.17 and 38.22, Vernon's Ann. C.C.P. and his federal constitutional rights.

Prior to offering such confession the prosecuting attorney requested the trial judge to conduct a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, type hearing to determine the admissibility of such confession which he did. See Article 38.22, V.A.C.C.P. At such hearing it was shown that about 7 p. m. on December 19, 1969, the appellant was taken before a magistrate and warned concerning the robbery charge in accordance with Article 15.17, supra. Shortly thereafter he was warned by the officer taking the confession (Corsicana city Chief of Police Hightower) in accordance with Article 38.22, supra, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Chief Hightower testified the appellant affirmatively waived his rights and then immediately gave the written confession which he signed; that the written statement was given freely and voluntarily and without coercion, force or abuse.

The appellant did not testify or call any witnesses. At the conclusion of the hear-

ing the court made its findings and admitted the statement into evidence.

Subsequently, much of the same evidence was offered before the jury as well as other testimony bearing on the issue, and the issue of voluntariness was submitted to the jury in the court's charge.

The record thus developed reflects that the appellant was arrested on December 15, 1969, at approximately 9:15 p. m. for being drunk and for "investigation of burglary." He was not a suspect in the robbery case at the time. The following morning he was taken before a city judge and fined $15.00 for being drunk. On December 18, a burglary charge was filed and appellant was taken before "Judge French" in connection with such charge. Around noon on December 19, 1969, he was taken to Waco by Chief Hightower and Deputy Sheriff Potts where he was interrogated by an employee of the Texas Department of Public Safety.

Deputy Potts related that on the return trip to Corsicana that day the appellant stated he wanted to get "his business cleaned up." Thereafter he was taken before the magistrate and warned.

The appellant contends he was in custody for almost four days prior to the time the confession was given and that he was never warned of his rights until just prior to the time of the confession, although he was interrogated earlier on that day.

He contends that he was not "without unnecessary delay" taken before a magistrate as required by Article 15.17, supra, and that he was not warned "prior to any questioning" as mandated by Miranda v. Arizona, supra.

■ We are constrained to agree with the State that the record reflects the appellant was in jail as a result of the drunk conviction and the burglary charge and there is no evidence that he was interrogated in Waco or elsewhere concerning the instant robbery case prior to the warnings previously mentioned. Just when the officers learned or suspected appellant's involvement in the instant case is not revealed by this record.

Appellant further urges that the confession is inadmissible because the State failed to sustain its burden as to waiver.

■ At the separate hearing in the jury's absence Chief Hightower testified:

"Q. And specifically, I hand you what has been marked as State's Exhibit Three, and ask you whether or not you gave this defendant the warning contained therein?

"A. Yes, sir, I did. I read it to him right off of the statement before we ever started taking the statement, and then I further talked with him about the statement to make sure that he understood that he did not have to make any statement. Sometime, a person does not grasp it, so I took pains to make sure that he understood what he was doing before we took the statement.

"Q. Did he, or did he not, waive each and every one of those rights that you warned him about?

"A. Yes, sir, he did."

At the same hearing Justice of the Peace Tipton testified he warned the appellant after he ascertained that he understood the English language. The magistrate was also asked:

"Q. * * * What I am saying is, when you read the warning to him, were you able to determine to your own satisfaction that he was able to comprehend what you were saying?

"A. Yes, sir, I gave him plenty of time, and told him that if there was any question he wanted to ask about it, that I would explain it.

"Q. Did he tell you anything?

"A. No, sir."

Both of these witnesses also testified before the jury and Deputy Potts corroborated Hightower's testimony as to waiver.

The record further reflects that the 18 year old appellant who had a 12th grade education read and signed the written confession which contained the following statement:

> "I fully understand each of these rights which were explained to me and I hereby expressly waive each of them at this time. And I do hereby make the following voluntary statement without any compulsion or persuasion of any kind being used on me for the sole and only reason that the facts stated are true."

Considering the "totality of the circumstances," we conclude the evidence is sufficient to show that the State has discharged its burden and that the appellant made a constitutionally permissible waiver as required by Miranda and Article 38.22, supra. See McCandless v. State, Tex. Cr.App., 425 S.W.2d 636.

Ground of error #1 is overruled.

Next, appellant contends he was denied his right of effective confrontation and cross-examination of the witness McBride since he was denied the use of the grand jury testimony of such witness.

 While cross-examining McBride appellant's counsel requested a copy of McBride's testimony given before the grand jury. The court stated he could have the same if it was available. The prosecutor replied that there was no court reporter available and no record of the grand jury testimony had been kept. The court then overruled appellant's motion.

It is clear that the court could not make available to the appellant that which was not in existence. The appellant did have, however, the examining trial testimony of the said witness available for cross-examination and possible impeachment.

As to the requirements for the production of grand jury testimony, where available, see Garcia v. State, Tex.Cr.App., 454 S.W. 2d 400 and cases there cited.

Ground of error #2 is overruled.

The judgment is affirmed.