**Jerry Alonzo GATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–84–00225–CR.

Court of Appeals of Texas, Dallas.

Aug. 15, 1985.

Melvyn Carson Bruder, Bruder & Cooper, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, WHITHAM and DEVANY, JJ.

DEVANY, Justice.

Jerry Alonzo Gates seeks reassessment of the punishment imposed after the trial court revoked his probation. Appellant was originally convicted of aggravated robbery and sentenced to serve five years in prison. That conviction was overturned on appeal.[1] On retrial, he pleaded guilty to a lesser offense, attempted aggravated robbery, and received a ten year sentence probated. While on probation, he was charged with and convicted of credit card abuse. A motion was made by the state to revoke his probation to which he made an open plea of true. The trial court revoked his probation and required him to serve the ten years assessed on retrial. Appellant now argues that it was unconstitutional for the trial court to sentence him for a longer period than he would have served if he had not appealed the original conviction. Without addressing the merits of appellant's argument, we hold that he waived this complaint by his open plea of true to the motion to revoke. Accordingly, we affirm the trial court's judgment.

■■■ The threshold question in this appeal is whether appellant's complaint presents anything for review. Appellant characterizes the increased punishment on retrial as a violation of the prohibitions against double jeopardy. U.S. Const. Amends. V, XIV, Tex. Const. art. I, § 14. On the basis of this characterization, he argues that his sentence is void. We do not agree that the increased punishment on retrial offends the prohibition against double jeopardy. The Supreme Court of the United States has held:

Long-established constitutional doctrine makes clear that ... the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction. At least since 1896, ... it has been settled that this constitutional guarantee imposes no limitations whatever on the power to *retry* a defendant who has succeeded in getting his first conviction set aside.... And at least since 1919, ... it has been

settled that a corollary of the power to retry a defendant is the power, upon reconviction, to impose whatever punishment may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction.

*North Carolina v. Pearce,* 395 U.S. 711, 719–20, 89 S.Ct. 2072, 2077–78, 23 L.Ed.2d 656 (1969) (footnotes and citations omitted); *see also Weeks v. State,* 521 S.W.2d 858, 863–64 (Tex.Crim.App.1975). The court in *Pearce* held, however, that increased punishment on retrial would offend the due process guarantee *if* imposed as punishment for overturning the original conviction. *United States v. Goodwin,* 457 U.S. 368, 375, 384, 102 S.Ct. 2485, 2489, 2494, 73 L.Ed.2d 74 (1982); *Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Therefore, appellant's complaint stems from the due process clause of the fourteenth amendment and not the double jeopardy prohibition of the fifth amendment.

In *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972), the Court of Criminal Appeals held that where a guilty plea is voluntarily and understandingly made, all nonjurisdictional defects, including federal due process claims, are waived. On retrial of the robbery case, appellant entered an open plea of guilty. Literally applied, the *Helms* rule precludes appellate review of appellant's complaint. However, because appellant pleaded guilty without having negotiated a recommendation on punishment, he could not have known at that moment in time that the trial court would assess a longer sentence but probated. We are reluctant, therefore, to say that his guilty plea to the robbery alone waived a defect that did not exist at that time. *See King v. State,* 687 S.W.2d 762, 767 (Tex.Crim.App. 1985) (Clinton, J., concurring). However, appellant could have raised his claim in the hearing on the State's motion to revoke probation.

■■ The trial court assesses punishment before it grants probation. *Teel v. State,*

1. *See Gates v. State,* 543 S.W.2d 360 (Tex.Crim.  App.1976).

432 S.W.2d 911, 912 (Tex.Crim.App.1968); Tex.Code Crim.Proc.Ann. art. 42.12, § 3 (Vernon 1979). The order granting probation suspends the imposition of punishment until the probationer violates the terms of his probation or successfully completes the probationary period. Tex.Code Crim.Proc. Ann. art. 42.12, § 2(b) (Vernon Supp.1985); *see also Gordon v. State*, 575 S.W.2d 529, 532 (Tex.Crim.App.1978); *Teel*, 432 S.W.2d at 912. While the Supreme Court in *Pearce* discussed the due process violation in terms of *imposing* increased punishment, the Court of Criminal Appeals in *Lechuga v. State*, 532 S.W.2d 581, 588 (Tex.Crim.App.1976), held that *Pearce* would be violated, if at all, when the trial court *assessed* punishment. "It should be clear that the term 'more severe sentence' should be read as synonymous with 'more severe punishment or penalty' rather than formal pronouncement of sentence as provided in ... our Code of Criminal Procedure." *Lechuga*, 532 S.W.2d at 586–87. Apparently, the court reached this conclusion to avoid deciding whether a longer term with probation was "increased punishment" when compared with a shorter period of actual incarceration. *See Lechuga*, 532 S.W.2d at 587 n. 2. If this were an open question, we would probably avoid this problem by holding that *Pearce* would not be violated until the punishment on retrial was *imposed*. Thus, the increased punishment question could be resolved by comparing the sentence in the original conviction with the punishment actually imposed after retrial *and* probation revocation.

We perceive several advantages in this approach. First, it harmonizes *Pearce* with established Texas punishment, probation and sentencing procedures. Second, under our reasoning of examining punishment when it is actually imposed, the procedural stumbling block of waiving the due process claim by pleading true to the motion to revoke would be eliminated because that violation, if any, would not occur until after the plea was entered. Third, it prevents anticipation of constitutional questions in advance of the necessity for deciding them.

*See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 346, 56 S.Ct. 466, 482, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

Under *Lechuga*, a defendant who receives increased punishment suspended by probation on retrial may raise the *Pearce* claim in an appeal from the adjudication of guilt. *Cf. Burson v. State*, 511 S.W.2d 948, 950 (Tex.Crim.App.1974) (defendant may appeal judgment of guilt which orders probation). However, the probation suspends imposition of punishment. *Teel*, 432 S.W.2d at 912; Tex.Code Crim.Proc.Ann. art. 42.12, § 2(b) (Vernon Supp.1985). Therefore, the punishment assessed may never actually be imposed because the probationer may successfully complete his probation or the trial court may reduce the punishment upon probation revocation pursuant to his authority under Tex.Code Crim.Proc.Ann. art. 42.12, § 8(a) (Vernon Supp.1985). Since, at the time punishment is assessed, whether appellant will ever suffer actual harm from the increased punishment depends on several contingencies, the *Pearce* question is not ripe for judicial resolution until punishment is actually imposed. *See International Longshoremen's and Warehousemen's Union v. Boyd*, 347 U.S. 222, 223–24, 74 S.Ct. 447, 448, 98 L.Ed. 650 (1954); *see generally* 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3532.2 (2d ed. 1984).

Further, we think it blinks at reality to say that it is appropriate to presume that a trial judge acted vindictively when, on retrial, he allows the previously convicted defendant who pleads guilty to a lesser offense to remain at liberty subject to the conditions of his probation. The following statements by the trial judge in this case bear out the truth of this statement: "You know, Mr. Gates, I have done everything I could think of to help you make this probation, and really nothing I have been able to do has worked. That may be my fault because I was not smart enough, but nothing has worked." While we must remain sensitive to the accused's constitutional

rights, "we should not be so far removed from reality that we cannot see when common sense coincides with the fair administration of justice." *Almanza v. State*, 686 S.W.2d 157, 173 (Tex.Crim.App.1984) (commenting on the old rule concerning fundamental error in jury charges). We think there is no greater realistic likelihood of vindictiveness when the trial court allows a defendant to remain on probation and then *imposes* increased punishment when he is convicted of another felony while on probation, *cf. Wasman v. United States*, —— U.S. ——, 104 S.Ct. 3217, 3225, 82 L.Ed.2d 424 (1984), than when the defendant obtains a trial de novo, *Colten v. Kentucky*, 407 U.S. 104, 119, 92 S.Ct. 1953, 1961, 32 L.Ed.2d 584 (1972) or when the jury assesses punishment on reconviction, *Chaffin v. Stynchcombe*, 412 U.S. 17, 27–28, 93 S.Ct. 1977, 1983, 36 L.Ed.2d 714 (1973). Consequently, if not precluded by *Lechuga*, we would likely hold that the presumption of vindictiveness is inapplicable to the facts of the present case.

■ Therefore, given that the violation of the appellant's rights, if any, occurred before the hearing on the motion to revoke, it was incumbent upon appellant, under the rationale of *Helms*, to raise the issue in the trial court during the probation revocation proceedings. If the matter had been raised, the trial court could have reduced the sentence pursuant to its authority under section 8(a) of article 42.12. *See* Tex. Code.Crim.Proc.Ann. art. 42.12, § 8(a) (Vernon Supp.1985). Nothing in the record suggests that appellant raised this issue in the trial court. Further, the record clearly shows that appellant voluntarily and understandingly entered his plea of true to the allegations in the motion to revoke probation. Applying the *Helms* rule by analogizing the true plea to a guilty plea, we hold that appellant waived any due process claim when he entered his open plea of true to the motion. *See Hoskins v. State*, 425 S.W.2d 825, 827 (Tex.Crim.App.1967). Nothing is presented for review. The judgment of the trial court is affirmed.