**Nathaniel WILTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No C14–86–00–357–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 24, 1988.

J. Brent Liedtke, Humble, Jack C. Brock, Galveston, for appellant.

Michael J. Guarino, Vicki J. O'Kelly, Galveston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

OPINION

SEARS, Justice.

Appellant entered a plea of not guilty to the offense of attempted aggravated sexual assault. He was found guilty by a jury and the court assessed punishment at ten years probation and ordered restitution in the amount of $6,590.00. We reverse and remand.

Appellant asserts three points of error on appeal. In his second point of error, Appellant maintains the trial court erred in failing to sustain his *Batson* challenge to the jury based upon the prosecutor's exercise of its peremptory strikes to strike all of the black veniremen from the jury panel.

The record shows that Appellant is a black male, the complainant is a white female, and only four black persons were on the jury panel. The State exercised its peremptory challenges to strike all four of the black members of the panel. After the jury was empaneled, but prior to the commencement of the trial, Appellant objected to the empaneled jury "on racial grounds." An evidentiary hearing on the objection was conducted at the close of the State's case-in-chief and the prosecutor testified generally that he did not strike any of the black jury panel members because of their race. He gave racially neutral reasons for striking two of the four black veniremen, and stated he struck the other two because he thought other members would be better jurors for this particular case. The trial court deferred its decision on the objection and the record does not show that any ruling was ever made.

This case was tried prior to the decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Accordingly, pursuant to *Williams v. State*, 731 S.W.2d 563 (Tex.Crim.App.1987) and *Chambers v. State*, 742 S.W.2d 695 (Tex. Crim.App.1988), this court abated the cause and remanded it to the trial court for a *Batson* hearing to afford the State the opportunity to offer any racially neutral

explanation it may have had for the use of its peremptory strikes. 746 S.W.2d 303.

The trial court conducted a *Batson* hearing and filed findings of fact and conclusions of law in this court. The trial court determined that Appellant made a prima facie showing of purposeful discrimination and concluded that purposeful discrimination had been established through the State's exercise of its peremptory strikes. The State has filed a brief in opposition to the trial court's findings of fact and conclusions of law asserting in essence that the trial court should be required to accept at face value any racially neutral explanation proffered by the prosecutor. This we decline to do. The trial court is the sole judge of the credibility of the witnesses and may choose to believe or disbelieve all or any part of any witness' testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.1984). We see no reason to apply a different rule when the witness is a prosecutor. *See Batson v. Kentucky*, 106 S.Ct. at 1724 n. 21. Therefore, Appellant's conviction must be reversed and remanded for a new trial. *Batson v. Kentucky*, 106 S.Ct. at 1725; *Henry v. State*, 729 S.W.2d 732, 737 (Tex.Crim. App.1987). Appellant's second point of error is sustained.

Although this conviction is reversed because of the *Batson* violations, we will nonetheless respond to Appellant's other points of error.

Appellant contends in his first point of error the trial court erred in allowing the State to bolster the in-court identification where the defense did not attempt to impeach that identification. We find from our review of the record that the testimony of which Appellant now complains was admitted without objection at trial. In the absence of a proper trial objection, no error is preserved for review. *Daniel v. State*, 668 S.W.2d 390, 393 (Tex.Crim.App.1984). Point of error one is overruled.

In point of error three, Appellant asserts error in the denial of his Motion to Quash the Indictment based on the State's failure to produce the Grand Jury testimony of a witness. The record reflects that a police

officer admitted on cross-examination that he had previously testified before the Grand Jury. Appellant then requested production of his Grand Jury testimony. The prosecutor informed the court and Appellant that no recording had been made of the Grand Jury testimony. Therefore, Appellant's motion was denied.

 There is no requirement that Grand Jury testimony be recorded and transcribed. *Perez v. State,* 590 S.W.2d 474, 478 (Tex.Crim.App.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2157, 64 L.Ed.2d 790 (1980). There was no transcription of the officer's testimony; therefore, it was impossible for the court to make that testimony available to Appellant. *See Smith v. State,* 464 S.W.2d 855, 858 (Tex.Crim.App. 1971). Further, a defendant is not entitled to a copy of Grand Jury proceedings unless he can show a particularized need. *Brown v. State,* 657 S.W.2d 117, 120 (Tex.Crim. App.1983). Although Appellant asserted that he had established a "particularized need" for the testimony, he did not articulate that need to the trial court and none is apparent from the record. Point of error three is overruled.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.