Nathaniel WILTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 688–92.

Court of Criminal Appeals of Texas,
En Banc.

May 12, 1993.

W. Troy McKinney, Houston, Jack D. Ewing, League City, for appellant.

Michael J. Guarino, Dist. Atty., and B. Warren Goodson, Jr., Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

A jury convicted appellant of attempted aggravated sexual assault and the trial court assessed punishment at confinement for ten years, probated. The conviction was reversed by the Court of Appeals because of *Batson*[1] error. *Wiltz v. State*, 749 S.W.2d 519 (Tex.App.—Houston [14th] 1988, no pet.). Upon retrial a jury again convicted appellant of attempted aggravated sexual assault and

---

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

appellant again chose to have the trial court assess punishment. A different judge presided at the retrial and assessed punishment at confinement for five years. The Court of Appeals reversed and remanded for resentencing under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), after concluding that the second sentence constituted greater punishment than that assessed in the first trial. *Wiltz v. State*, 827 S.W.2d 372 (Tex.App.—Houston [1st Dist.] 1992). We granted the State's petition to determine whether the second sentence of five years without probation is a greater punishment than an initial sentence of ten years with probation.

In *North Carolina v. Pearce*, the United States Supreme Court held that neither the Double Jeopardy Clause nor the Equal Protection Clause prohibits a trial judge from imposing a harsher sentence on retrial after a criminal defendant successfully attacks an initial conviction on appeal. 395 U.S. at 723–724, 89 S.Ct. at 2079–80; *United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982). However, "Due Process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080. In *Pearce* the Supreme Court held that "[in] order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear in the record." 395 U.S. at 726, 89 S.Ct. at 2081. This has created a prophylactic rule that creates a presumption of vindictiveness in certain cases. *United States v. Goodwin*, 457 U.S. at 373, 102 S.Ct. at 2488. "Given the severity of such a presumption, however—which may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct—the Court has done so only in cases in which a reasonable likelihood of vindictiveness exists." *Id.*

This presumption of vindictiveness does not apply to a second sentence where a defendant initially plead guilty, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), where the second sentence was a result of a conviction following a trial *de novo* at a superior court in a two-tier system for adjudicating certain offenses, *Colten v. Commonwealth of Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), where the first sentence was by jury and the second sentence was by judge, *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), and where the first sentence was by a plea agreement and the second sentence occurs after the plea agreement is not accepted by the defendant. *United States v. Goodwin, supra.* In *McCullough*, the Supreme Court also cast doubt concerning whether this presumption applied where a different judge presided over the second sentencing hearing. *But see Bingham v. State*, 523 S.W.2d 948, 949 (Tex.Crim.App. 1975) (presumption of vindictiveness applied where a different judge, who was aware of the proceedings incident to the first sentence, sentenced defendant on retrial); In *McCullough* the Supreme Court noted:

> *Pearce* itself apparently involved different judges presiding over the two trials, a fact that has lead some courts to conclude by implication that the presumption of vindictiveness applies even where different sentencing judges are involved. See, *e.g.*, *United States v. Hawthorne*, 532 F.2d 318, 323 (CA3), *cert. denied*, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976). That fact, however, may not have been drawn to the Court's attention and does not appear anywhere in the Court's opinion in *Pearce*. Clearly the Court did not focus on it as a consideration for its holding. See *Hardwick v. Doolittle*, 558 F.2d 292, 299 (CA5 1977), *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). Subsequent opinions have also elucidated the basis for the *Pearce* presumption. We held in *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), for instance, that the presumption derives from the judge's "personal stake in the prior conviction," *id.*, at 27, 93 S.Ct., at 1983, a statement clearly at odds with reading *Pearce* to answer the two sentencer issue. We

therefore decline to read *Pearce* as governing this issue....

475 U.S. at 140 n. 3, 106 S.Ct. at 980 n. 3; *see Jackson v. State,* 766 S.W.2d 518, 521–522 (Tex.Crim.App.1988). Where there is no reasonable likelihood of vindictiveness, the burden remains upon the defendant to prove actual vindictiveness. *Alabama v. Smith,* 490 U.S. at 799, 109 S.Ct. at 2205; *see Wasman v. United States,* 468 U.S. 559, 569, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984).

Neither the Court of Appeals, the State, nor appellant raise the issue of whether the presumption of vindictiveness applies in this case, and therefore we limit our consideration to those cases where the presumption does apply.[2]

■ Essentially we are again asked to determine exactly what constitutes a sentence in Texas for purposes of analysis under *North Carolina v. Pearce.* We have previously resolved this issue in *Lechuga v. State,* 532 S.W.2d 581 (Tex.Crim.App.1975) (opinion on rehearing). In *Lechuga* our Court held that probation was not a part of the punishment assessed upon a defendant. 532 S.W.2d at 587; *see also McCulley v. State,* 486 S.W.2d 419 (Mo.1972) ("The 'sentence' that a court imposes consists of punishment that comes within the particular statute designating the permissible penalty for the particular statute ... [P]robation or parole is not a part of the sentence imposed upon a defendant."); *Smith v. State,* 517 S.W.2d 148, 150 (Mo.1974). In fact, a trial court assesses punishment before it grants probation. Tex. Code Crim.Proc.Ann. art. 42.12 § 3; *Gates v. State,* 696 S.W.2d 671, 673 (Tex.App.—Dallas, 1985). The order granting probation suspends the imposition of sentence until the probationer violates the terms of his probation or successfully completes the probationary period. Tex.Code Crim.Proc.Ann. art. 42.12, § 3; *Gates, supra.*[3] Therefore, the comparison to be considered in a *Pearce* resentencing situation is the assessment of the punishment provided for under the Texas Penal Code, which does not include probation. Tex.Penal Code Ann. Title 3, Chapter 12; *Lechuga,* 532 S.W.2d at 588; *see also Sanders v. State,* 580 S.W.2d 349, 353 (Tex. Crim.App.1979).

In *Lechuga* we recognized the difficulty of comparing probation and "straight time." 532 S.W.2d at 587 n. 2. Hypothetically we asked whether ten years probation was more severe than two years "straight time?" *Id.* Today, we are asked whether five years "straight time" is more severe than ten years probated. We continue in our belief in *Lechuga* that the courts of appeals in Texas should not undertake this comparison because of the tremendous difficulties in determining which punishment is "more severe."[4] As we said in *Lechuga,* "[it] would be easy to

---

2. As is apparent from the concurring opinion, a similar result can be achieved by simply ignoring the stated grounds for review. Since this Court has not chosen to review other questions on our own motion, resolution of the State's P.D.R. must necessarily be formulated from the laws and precedents which are applicable to the grounds we have accepted. The result urged by the concurrence disrespects our Rules of Appellate procedure, especially Rule 201, while unnecessarily voiding balanced decisions of this Court. *See Lechuga v. State,* 532 S.W.2d 581 (Tex.Crim. App.1985) (opinion on rehearing). Unfortunately the concurrence confuses reasoned judicial restraint with *"obiter dictum."*

3. The Code of Criminal Procedure governs the grant of probation *after* punishment has been assessed. Article 42.12, section 3 provides, in part:

> The judges of the courts of the State of Texas having original jurisdiction of criminal actions ... shall have the power, after conviction or plea of guilty or nolo contendere for any crime or offense, where the maximum punishment *assessed* against the defendant does not exceed ten years imprisonment, *to suspend the imposition of the sentence and may place the defendant on probation* ...

(Emphasis added).

4. As our system of punishment presently works, a defendant with good time, could be eligible for parole in possibly as little as one-twelfth their initial sentence. A person placed on probation, could be on probation for all but a day of his term and then be sentenced to the entire term of his punishment if that probation is revoked. The scenarios are endless. For an appellate court to consider all of these factors would be counterproductive and inefficient for our system. If we stepped down this road, we would be forced to consider terms of probation, good time credit hours, prison crowding changes, and in addition to the sentence. *See Wiltz,* 827 S.W.2d at 376 (Dunn, J. dissenting in part and concurring in part).

get into never-never land." 532 S.W.2d at 587 n. 2.

Because of this belief, we adhere to our opinion in *Lechuga* that for determination of whether a second sentence is "more severe" within the context of *Pearce*, a reviewing court should only review the punishment assessed. Accordingly, the Court of Appeals erred in considering probation when it compared appellant's initial punishment of ten years to his subsequent sentence of five years. The Court of Appeals is reversed. As there are no other points of error to be addressed by the Court of Appeals, the trial court's judgment and sentence are affirmed.[5]

BAIRD, Judge, concurring.

A jury convicted appellant of attempted aggravated sexual assault and the trial judge assessed punishment at ten years confinement, probated. The Court of Appeals reversed. *Wiltz v. State,* 749 S.W.2d 519 (Tex. App.—Houston [14th Dist.] 1988). On retrial, a jury again convicted appellant and appellant elected to have the trial judge assess punishment. However, a different judge presided at the retrial and that judge assessed appellant's punishment at five years confinement. The Court of Appeals held the second sentence was more severe than the sentence assessed at the first trial and reversed. *Wiltz v. State,* 827 S.W.2d 372, 373 (Tex.App.—Houston [1st Dist.] 1992). We granted the State's petition to determine whether the Court of Appeals erred in finding a sentence of five years confinement was greater than a ten year prison sentence that was probated. The State contends the Court of Appeals' decision conflicts with our decision in *Lechuga v. State,* 532 S.W.2d 581 (Tex.Cr.App.1975).

I.

On direct appeal, the State did *not* argue that the presumption of judicial vindictive-

ness in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), was inapplicable to the instant case. Rather the State conceded that *Pearce* applied and the Court of Appeals assumed that *Pearce* applied. However, for the following reasons, I am of the opinion that *Pearce* does not apply. Accordingly, I believe the majority errs in reaching the merits of the State's ground for review.

II.

In *Pearce* the Supreme Court stated:

Due process of law then requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

*Pearce,* 395 U.S. at 725, 89 S.Ct. at 2080. The Court then held vindictiveness will be presumed whenever a more severe sentence is imposed upon retrial, unless "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" affirmatively appeared in the record. *Id.,* 395 U.S. at 726, 89 S.Ct. at 2081.

III.

Despite its broad language, *Pearce* has been narrowly applied. For example, there is no presumption of vindictiveness when a jury assesses the subsequent punishment. *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). And the presumption does not apply to the assessment of punishment at a trial de novo following an appeal from a lower court. *Colten v. Ken-*

---

**5.** In appellant's brief to this Court, he asks us to affirm the Court of Appeals because they also held that his second sentence violated the Texas Constitution. While appellant did raise this point of error in the court of appeals, we note there was no holding that the Texas Constitution embraced more than the federal constitution in this respect. Additionally, because appellant

failed to cross-petition on independent state grounds and because he failed to present any independent arguments in his brief to the court of appeals, we see no reason to remand this case for further consideration under the Texas Constitution. Tex.R.App.P. 74(f); *see also Thompson v. State,* 506 S.W.2d 900 (Tex.Crim.App.1974).

*tucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).

In *McCullough v. State,* 720 S.W.2d 89 (Tex.Cr.App.1983), we held the presumption applied where the same trial judge granted McCullough's request for a new trial and assessed a punishment more severe than that originally assessed by the jury:

... the three important considerations of *Pearce* found inapplicable to jury resentencing in *Chaffin* are all present here: first, the trial judge obviously knew the sentence pronounced by the jury at the first trial, since she presided over the first trial. Second, the second sentence was in fact "meted out by the same judicial authority whose handling of the prior trial was sufficiently unacceptable to have required" a new trial. Finally, since the trial judge assessed punishment on retrial, the third element cited in *Chaffin* above is also present.

*Id.,* 720 S.W.2d at 92.

However, the Supreme Court reversed our decision in *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

... The presumption of *Pearce* does not apply in situations where the possibility of vindictiveness is this speculative, particularly since the presumption may often "operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct."

*Id.,* 475 U.S. at 139, 106 S.Ct. at 979, quoting *United States v. Goodwin,* 457 U.S. 368, 373, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982).

In *Jackson v. State,* 766 S.W.2d 504 (Tex. Cr.App.1985), the trial judge assessed punishment at fifteen years. The trial judge then granted Jackson's request for a new trial. A different judge presided at the retrial and the jury assessed punishment at twenty-five years. Jackson contended his trial counsel was ineffective in failing to advise him to have the trial judge assess punishment because, under *Pearce,* the punishment could not have exceeded fifteen years and we agreed. *Id.,* 766 S.W.2d at 510–11.

However, the Supreme Court vacated our judgment and remanded the case for further consideration in light of *McCullough, supra.* *Texas v. Jackson,* 475 U.S. 1114, 106 S.Ct. 1627, 90 L.Ed.2d 175 (1986). On remand we stated:

Simply put, if *Pearce* was not applicable to the facts of the case it would not have been ineffective assistance of counsel for appellant's counsel to have failed to inform appellant that *Pearce* did apply.

In light of *McCullough,* was the *Pearce* presumption of judicial vindictiveness really applicable to the facts of this case? Here the first trial judge granted appellant's request for a new trial ... As in *McCullough,* this was hardly an act of vindictiveness. After the first trial judge left the state bench a new judge, with no connection with the case, was appointed to the court. Several months later appellant's case, based on a new indictment, came to trial. Surely it cannot be said under the circumstances that the new or second trial judge had a "personal stake in the prior conviction." *Chaffin v. Stynchcombe,* 412 U.S. at 27, 93 S.Ct. at 1983. To presume vindictiveness from these facts would be speculative. *If the new judge had been called upon to assess punishment, there would have been "different sentencers" and the Pearce presumption would not apply.* The *Pearce* presumption of judicial vindictiveness finds no basis for application here.[1]

*Jackson v. State,* 766 S.W.2d 518, 521 (Tex. Cr.App.1988). We concluded Jackson had not been denied effective assistance of counsel. *Id.,* 766 S.W.2d at 522.

## IV.

*Jackson* established a general rule that a defendant is not entitled to the *Pearce* presumption when the defendant is sentenced by a different judge. *Jackson,* 766 S.W.2d at 521. This rule appears to be well-founded. In *McCullough,* the Supreme Court stated that "[t]he [*Pearce* ] presumption [was] ... inapplicable because different sentencers assessed the varying sentences...." *McCullough,* 475 U.S. at 140, 106 S.Ct. at 979. Under such circumstances, the possibility of

---

1. Unless otherwise indicated, all emphasis herein is supplied by the author.

vindictiveness is too speculative to invoke the *Pearce* presumption of judicial vindictiveness.[2] Therefore, *Pearce* does not apply to the instant case because there is nothing in the record to suggest that the sentencing judge possessed a "personal stake in the prior conviction." *Chaffin*, 412 U.S. at 27, 93 S.Ct. at 1983.

Since *Pearce* does not apply to the instant case, there is no need for the majority to determine which punishment was more severe. Consequently, the majority opinion, which resolves an issue not essential to the resolution of the instant case, is merely *obiter dictum*.[3]

With these comments, I concur only in the result.

MILLER and OVERSTREET, JJ., join this opinion.

---

**2.** As with every general rule, there will be exceptions. Just because the second sentence was assessed by a different judge will not necessarily insulate the sentence from the protections of *Pearce*. An appellate court must nevertheless review the record to guard against vindictiveness in the resentencing process. *McCullough*, 475 U.S. at 138, 106 S.Ct. at 979. For example, in *Bingham v. State*, 523 S.W.2d 948 (Tex.Cr.App. 1975), we provided relief where the record established the sentencing judge was aware of the proceedings incident to the first sentence and there was a danger of retaliation against the defendant. *Bingham*, 523 S.W.2d at 950, (Roberts, J., concurring).

**3.** The majority contends that this conclusion disrespects our Rules of Appellate procedure and unnecessarily voids balanced decisions of this Court such as *Lechuga*. Op. at 465 n. 2.

As a general rule our opinions should be limited to the issues presented by the parties because, in most cases, the parties present the issues necessary to resolve the case. However, there have been cases, where this Court has been compelled to reach issues necessary to resolve the case but not raised by the parties. Indeed, in *Lechuga* we resolved an issue in the interest of justice even though it had not been raised by appellant. *Lechuga*, 532 S.W.2d at 582. *See also, Bobo v. State*, 843 S.W.2d 572 (Tex.Cr.App.1992) (petition granted to determine viability of pre-text arrest doctrine under Texas Constitution but dismissed because pre-text doctrine not involved.); *Geesa v. State*, 820 S.W.2d 154 (Tex.Cr.App.1991) (petition granted to consider continued viability of outstanding reasonable hypothesis analytical construct but Court required definition of reasonable doubt); and *Fuller v. State*, 829 S.W.2d 191, 199 n. 4 (Tex.Cr.App.1992) (Court found point of error procedurally defaulted even though waiver not raised by the State.). By addressing the "more severe punishment issue," the majority reaches an issue not necessary to the resolution of this case and, in addressing that issue, the majority implicitly overrules *Jackson*. I can only lament that the majority is unable to distinguish *obiter dictum* from "reasoned judicial restraint."