NUMBER 13-00-751-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI -EDINBURG

 

SEAN CORY WILLIAMS, Appellant,
v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court

of Victoria County, Texas.

 


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez


Appellant, Sean Cory Williams, appeals from the revocation of his community supervision. We affirm.

In January 1996, appellant pled guilty to the charge of sexual assault. Appellant was sentenced to seven years confinement
in the Texas Department of Criminal Justice - Institutional Division; however, said sentence was suspended, and appellant
was placed on community supervision for seven years. In June 2000, the State filed a motion to revoke appellant's
community supervision. At a hearing on the motion to revoke, the State and appellant presented a proposed plea agreement
to the trial court, wherein appellant would agree to plead true to the allegations in the motion to revoke, in exchange for a
sentence of four years confinement. The trial court rejected the proposed plea agreement and stated:

I'll indicate the Court will not be following the agreed recommendation in this case. So, rather than - - We're at a point of
asking how he is going to plead. He was originally sentenced to seven years and I think the Court would rather have a
hearing in this matter to make that determination.

Appellant did not object to the trial court's ruling.

The trial court then heard evidence on the motion to revoke. At the conclusion of the hearing, the trial court found the
allegations to be true, revoked appellant's community supervision, and imposed the original sentence assessed, seven years.

In a single issue, appellant complains that the trial court denied him due process of law when it predetermined his sentence
prior to his revocation hearing. (1) Appellant argues that the trial court predetermined his sentence, and such
predetermination is revealed by the court's remarks at the time he rejected the proposed plea agreement. Appellant further
argues that he presented mitigating evidence at the hearing on the motion to revoke, however the trial court ignored same. 

It is a denial of due process for the trial court to arbitrarily refuse to consider the entire range of punishment for an offense
or to refuse to consider evidence and impose a predetermined punishment. McClenan v. State, 661 S.W.2d 108, 110 (Tex.
Crim. App. 1983); Jefferson v. State, 803 S.W.2d 470, 471 (Tex. App.-Dallas 1991, pet. ref'd). Appellate courts, however,
will not consider any error which counsel could have called, but did not call, to the attention of the trial court when such
error could have been avoided or corrected. Rogers v. State, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (op. on
reh'g). This rule applies to constitutional errors. See id. at 264;Cole v. State, 931 S.W.2d 578, 580 (Tex. App.--Dallas
1995, pet. ref'd). 

Here, neither appellant nor his attorney objected to the punishment assessed. Appellant did not file a motion for new trial
raising his punishment complaint. We conclude appellant's failure to object waived any error. Tex. R. App. P. 33.1;
Rogers, 640 S.W.2d at 264.

Even if appellant had not waived his complaint, the trial court did not deny appellant due process by imposing the original
sentence assessed. The trial court placed appellant on court-ordered community supervision. In court-ordered community
supervision, the trial court assesses punishment before it grants community supervision. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 3(a) (Vernon Supp. 2002);Wiltz v. State, 863 S.W.2d 463, 465 (Tex. Crim. App. 1993). The order granting
community supervision suspends the imposition of the sentence until the probationer violates the terms of his community
supervision or successfully completes his probationary period. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3(a) (Vernon
Supp. 2002); Wiltz, 863 S.W.2d at 465. If community supervision is revoked, the trial court may proceed to dispose of the
case as if there had been no community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp. 2002). 
The trial court may impose the sentence originally assessed. Guzman v. State, 923 S.W.2d 792, 799 (Tex. App.-Corpus
Christi 1996, no pet.); Bouyer v. State, 655 S.W.2d 355, 356 (Tex. App.-Fort Worth 1983, no pet.). The trial court may
also reduce the term of confinement originally assessed. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp.
2002). However, any decision to reduce the defendant's sentence is left to the sound discretion of the trial court. See
Cannon v. State, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976). We review its decision under an abuse of discretion standard. 
Id.

Appellant complains that the trial court failed to consider certain mitigating circumstances at the time his community
supervision was revoked and the sentence was imposed; however, appellant offers no evidence that the trial court did not
consider the evidence of mitigating circumstances which was presented. Nevertheless, there is ample support in the record
for the trial court's actions. The evidence established that during the period he was on community supervision, appellant
failed to properly notify the probation department of his change of address, failed to pay supervisory and other court
ordered fees, committed the misdemeanor offense of theft by check, and had contact with two children. The record reflects
no abuse of discretion in the failure of the trial court to reduce the term of punishment originally assessed. Id. We overrule
appellant's sole issue.

The judgment of the trial court is affirmed. 



_____________________

ROGELIO VALDEZ

Chief Justice



Do Not Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed



this 14th day of February, 2002.

1. We note that appellant does not argue that he was denied due process of law in January 1996, when he was adjudicated
and his seven year sentence was originally assessed.