

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-410-CR

CC JUSTIN RIVAS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1] ON APPELLANT'S
## PETITION FOR DISCRETIONARY REVIEW

------------

After reviewing Appellant's petition for discretionary review, we withdraw our

August 31, 2010 opinion and judgment and substitute the following.  *See* Tex. R.

App. P. 50.

---

[1] *See* Tex. R. App. P. 47.4.

# I. Introduction

Appellant CC Justin Rivas appeals his conviction for driving while intoxicated (DWI). He contends that the trial court erred by sustaining the prosecutor's objection to a portion of his closing argument during the guilt-innocence phase of his trial resulting in the denial of his right to counsel. We affirm.

# II. Factual and Procedural Background

Shannon Rusnak, a Fort Worth police officer, was on patrol when she saw a black vehicle, which was later identified as Appellant's car, pass her patrol car going approximately 90 m.p.h. in a 40 m.p.h. speed zone. Officer Rusnak stated that she began following Appellant's car to make a traffic stop, but when she turned onto the service road, another officer, Lieutenant Ed Daniels, had already pulled Appellant's car over. Officer Rusnak stated that she did not see Lieutenant Daniels stop Appellant's car and that she did not know what Lieutenant Daniels observed before stopping Appellant's car.

At trial, Officer Rusnak testified that Lieutenant Daniels became her assist officer once she arrived on the scene because he was an incident commander and only initiated the traffic stops. Officer Rusnak stated that when she approached Appellant's car, she smelled an alcoholic beverage odor and that Appellant had slurred speech and red, watery, and dilated eyes. When Officer Rusnak asked Appellant if he had been drinking alcohol that night, Appellant stated that he had "three beers and a shot." Officer Rusnak then asked Appellant to step out of his car.

After Appellant performed the standardized field sobriety tests, Officer Rusnak arrested Appellant for suspicion of DWI.

At trial, Officers Rusnak and Dwayne Collins, who transported Appellant to the jail after he was arrested and wrote the police report, were the only officers who testified. Lieutenant Daniels, who had retired from the police department prior to Appellant's trial, did not testify. Appellant pleaded not guilty to the charged offense. A jury found Appellant guilty of DWI and assessed his punishment at thirty days' confinement in jail and an $850 fine. This appeal followed.

### III. Discussion

In his sole point, Appellant contends that the trial court erred by sustaining the prosecutor's objection to a portion of his closing argument during the guilt-innocence phase of trial. Appellant argues that the trial court's ruling limited his closing argument.

The following exchange took place during Appellant's closing argument:

[Appellant]: Now, she makes a big deal of how I'm going to complain about the fact that the detective or the lieutenant didn't come. I am going to complain about that because not one person, not one person has told you what Lieutenant Daniels did to stop the vehicle or what was going through his mind in any way, shape, or form. Lieutenant Daniels didn't come here and tell you, and Lieutenant Daniels is the one who stopped the car. It wasn't Rusnak. Lieutenant Daniels has to come here, look at you, and tell you what he knew to make a detention of the vehicle. That's the law.

[Prosecutor]: Objection. That's a misstatement of the law - -

[Appellant]: That's the law - -

[The Court]: Sustained.

3

[Appellant]: That's the law.

[Prosecutor]: Objection. That's a misstatement of the law.

[The Court]: Sustained.

Although the trial court has broad discretion in controlling the scope of closing argument, it may not prevent defense counsel from making a point essential to the defense. *Lemos v. State*, 130 S.W.3d 888, 892 (Tex. App.—El Paso 2004, no pet.). The defense has the legal right to argue any theory supported by the evidence. *Brown v. State*, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); *Lemos*, 130 S.W.3d at 892. Prohibiting counsel from making a particular jury argument is a denial of the defendant's right to counsel when that argument is one the defendant is entitled to make. *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989), *cert. denied*, 494 U.S. 1060 (1990); *Lemos*, 130 S.W.3d at 892. Only when the trial court restricts the defense counsel from doing something it had the legal right to do, however, is it considered a deprivation of counsel. *Jackson v. State*, 992 S.W.2d 469, 476 (Tex. Crim. App. 1999); *Lemos*, 130 S.W.3d at 892.

Assuming without deciding that the trial court erred by sustaining the prosecutor's objection, we must determine whether the error was harmful. Tex. R. App. P. 44.2. If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to Appellant's conviction or punishment. Tex. R. App. P. 44.2(a). Otherwise, we apply rule 44.2(b) and disregard the error if it did not affect Appellant's substantial rights. Tex. R. App. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App.

4

1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex. App.—Fort Worth 1998, pet. ref'd).

The Texas Court of Criminal Appeals has held that an improper denial of a jury argument can constitute a denial of the right to counsel. *Johnson v. State*, 698 S.W.2d 154, 166 (Tex. Crim. App. 1985) (citing *Riles v. State*, 595 S.W.2d 858, 861 (Tex. Crim. App. 1980)). Denial of the right to counsel is an error of constitutional magnitude. U.S. Const. amend. VI; Tex. Const. art. I, § 10. A criminal defendant's constitutional rights to counsel and to a jury trial encompass a right to have his theory of the case argued vigorously to the jury. *Lemos*, 130 S.W.3d at 892–93; *see also United States v. DeLoach*, 504 F.2d 185, 190 (D.C. Cir. 1974) (holding restrictions on defendant's closing argument violated constitutional right to counsel, and not harmless beyond reasonable doubt).

Because we determine that the assumed error is constitutional, we apply rule 44.2(a). *See* Tex. R. App. P. 44.2(a). The question is whether the trial court's sustaining the prosecutor's objection allegedly resulting in Appellant's denial of his right to counsel, was harmless beyond a reasonable doubt. *See Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). In applying the "harmless error" test, our primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction. *Mosley*, 983 S.W.2d at 259.

Our harmless error analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact on the jury in light of the existence of other evidence. *Wesbrook v. State*, 29 S.W.3d

5

103, 119 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001). We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not "in the light most favorable to the prosecution." *Id.* at 586.

We cannot reverse a criminal conviction when there is no reasonable probability that the error might have contributed to the conviction. *See Mosley*, 983 S.W.2d at 259. In concluding that no harm was caused by the error here, we note that the State's objection was not made until after Appellant's counsel had made his argument that Lieutenant Daniels had to testify as to why he stopped Appellant's car. *See Wiltz v. State*, 827 S.W.2d 372, 374 (Tex. App.—Houston [1st Dist.] 1992) (holding error in sustaining objection to defense counsel's argument harmless when counsel had already made argument to jury and trial court did not instruct jury to disregard), *rev'd on other grounds*, 863 S.W.2d 463 (Tex. Crim. App. 1993).

Additionally, Appellant was able to make the same argument numerous times later in his closing argument without objection. Appellant further argued:

> . . . And who stopped the car? Daniels stopped the car. So Daniels has to have some specific and articulable facts to believe that that guy is involved in illegal activity before he pulls the car over, and they have to prove that to you beyond a reasonable doubt.
>
> Could they have done that? Sure. Daniels is still in town. They could have put Daniels up there to look at you and say here's what I saw or here's what I heard. I didn't make this stuff up. This is the law.

. . .

So let's talk about their case for a minute, okay. I mean, the law here tells you you've got to throw it out.

. . .

Daniels didn't come. He had to come to prove his stop.

. . .

And they didn't bring the guy who stopped him so, therefore, any evidence obtained from that stop is inadmissible because we don't know what was going through that cop's mind when he stopped him, and that's something they've got to prove beyond a reasonable doubt.

After carefully reviewing the record and performing the required harm analysis under rule 44.2(a), we hold beyond a reasonable doubt that the trial court's having sustained the State's objection did not contribute to Appellant's conviction or punishment. Tex. R. App. P. 44.2(a). Accordingly, we overrule Appellant's sole point.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 9, 2010