COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


                                                NO.
 2-08-410-CR

 

 

CC JUSTIN RIVAS                                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

           FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                                       ------------

 

                          MEMORANDUM
OPINION[1]
ON APPELLANT=S

                             PETITION
FOR DISCRETIONARY REVIEW

 

                                                       ------------

After
reviewing Appellant=s petition for discretionary
review, we withdraw our August 31, 2010 opinion and judgment and substitute the
following.  See Tex. R. App. P.
50.

                                                  I.  Introduction

Appellant
CC Justin Rivas appeals his conviction for driving while intoxicated (DWI).  He contends
that the trial court erred by sustaining the prosecutor=s
objection to a portion of his closing argument during the guilt-innocence phase
of his trial resulting in the denial of his right to counsel.  We affirm.

II.  Factual and Procedural Background

Shannon
Rusnak, a Fort Worth police officer, was on patrol
when she saw a black vehicle, which was later identified as Appellant=s car, pass her patrol car going approximately 90 m.p.h. in a
40 m.p.h. speed zone.  Officer Rusnak stated that she began following Appellant=s
car to make a traffic stop, but when she turned onto the service road, another
officer, Lieutenant Ed Daniels, had already pulled Appellant=s
car over.  Officer Rusnak
stated that she did not see Lieutenant Daniels stop Appellant=s
car and that she did not know what Lieutenant Daniels observed before stopping
Appellant=s
car.

At
trial, Officer Rusnak testified that Lieutenant
Daniels became her assist officer once she arrived on the scene because he was
an incident commander and only initiated the traffic stops.  Officer Rusnak
stated that when she approached Appellant=s
car, she smelled an alcoholic beverage odor and that Appellant had slurred
speech and red, watery, and dilated eyes. 
When Officer Rusnak asked Appellant if he had
been drinking alcohol that night, Appellant stated that he had Athree
beers and a shot.@  Officer Rusnak then
asked Appellant to step out of his car. 
After Appellant performed the standardized field sobriety tests, Officer
Rusnak arrested Appellant for suspicion of DWI.

At
trial, Officers Rusnak and Dwayne Collins, who
transported Appellant to the jail after he was arrested and wrote the police
report, were the only officers who testified. 
Lieutenant Daniels, who had retired from the police department prior to
Appellant=s
trial, did not testify.  Appellant
pleaded not guilty to the charged offense. 
A jury found Appellant guilty of DWI and
assessed his punishment at thirty days=
confinement in jail and an $850 fine. 
This appeal followed.

III.  Discussion

In
his sole point, Appellant contends that the trial court erred by sustaining the
prosecutor=s objection
to a portion of his closing argument during the guilt-innocence phase of
trial.  Appellant argues that the trial
court=s
ruling limited his closing argument.

The
following exchange took place during Appellant=s
closing argument:

[Appellant]:   Now, she makes a big deal of how I=m going to complain
about the fact that the detective or the lieutenant didn=t come.  I am going to complain about that because not
one person, not one person has told you what Lieutenant Daniels did to stop the
vehicle or what was going through his mind in any way, shape, or form.  Lieutenant Daniels didn=t come here and tell you, and Lieutenant Daniels is the one who stopped the
car.  It wasn=t Rusnak. 
Lieutenant Daniels has to come here, look at you, and tell you what he
knew to make a detention of the vehicle. 
That=s the
law.

 

[Prosecutor]:
Objection.  That=s a misstatement of
the law - -

 

[Appellant]:
That=s the law - -

 

[The
Court]: Sustained.

 

 








[Appellant]:
That=s the law.

 

[Prosecutor]:
Objection.  That=s
a misstatement of the law.

 

[The Court]: Sustained.   

Although
the trial court has broad discretion in controlling the scope of closing
argument, it may not prevent defense counsel from making a point essential to
the defense.  Lemos
v. State, 130 S.W.3d 888, 892 (Tex. App.CEl Paso 2004, no pet.).  The defense has the legal right to argue any
theory supported by the evidence.  Brown v. State, 955 S.W.2d 276,
279 (Tex. Crim. App. 1997); Lemos, 130 S.W.3d at 892. 
Prohibiting counsel from making a particular jury argument is a denial
of the defendant=s right to counsel when that
argument is one the defendant is entitled to make.  McGee v. State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989), cert. denied,
494 U.S. 1060 (1990); Lemos, 130 S.W.3d at 892.  Only
when the trial court restricts the defense counsel from doing something it had
the legal right to do, however, is it considered a deprivation of counsel.  Jackson v. State,
992 S.W.2d 469, 476 (Tex. Crim. App. 1999); Lemos, 130 S.W.3d at 892.

Assuming
without deciding that the trial court erred by sustaining the prosecutor=s
objection, we must determine whether the error was harmful.  Tex. R. App. P. 44.2.  If the error is constitutional, we apply rule
44.2(a) and reverse unless we determine beyond a reasonable doubt that the
error did not contribute to Appellant=s
conviction or punishment.  Tex. R. App. P. 44.2(a). 
Otherwise, we apply rule 44.2(b) and disregard the error if it did not
affect Appellant=s substantial rights. Tex.
R. App. P. 44.2(b); see Mosley v. State, 983 S.W.2d
249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999); Coggeshall
v. State, 961 S.W.2d 639, 642B43
(Tex. App.CFort
Worth 1998, pet. ref=d).

The
Texas Court of Criminal Appeals has held that an improper denial of a jury
argument can constitute a denial of the right to counsel.  Johnson v. State, 698 S.W.2d 154, 166 (Tex. Crim. App. 1985) (citing Riles v.
State, 595 S.W.2d 858, 861 (Tex. Crim. App.
1980)).  Denial of the right to counsel
is an error of constitutional magnitude. 
U.S. Const. amend. VI; Tex.
Const. art. I, ' 10.  A criminal defendant=s
constitutional rights to counsel and to a jury trial encompass a right
to have his theory of the case argued vigorously to the jury.  Lemos, 130 S.W.3d at 892B93;
see also United States v. DeLoach, 504 F.2d 185, 190 (D.C. Cir. 1974) (holding restrictions on
defendant=s
closing argument  violated constitutional
right to counsel, and not harmless beyond reasonable doubt).

Because
we determine that the assumed error is constitutional, we apply rule
44.2(a).  See Tex. R. App. P.
44.2(a).  The question is whether the
trial court=s
sustaining the prosecutor=s objection allegedly
resulting in Appellant=s denial of his right to
counsel, was harmless beyond a reasonable doubt.  See Williams v. State, 958 S.W.2d 186, 194 (Tex. Crim.
App. 1997).  In applying the Aharmless
error@
test, our primary question is whether there is a Areasonable
possibility@
that the error might have contributed to the conviction.  Mosley, 983 S.W.2d at 259.

Our
harmless error analysis should not focus on the propriety of the outcome of the
trial; instead, we should calculate as much as possible the probable impact on
the jury in light of the existence of other evidence.  Wesbrook
v. State, 29 S.W.3d 103, 119 (Tex. Crim. App.
2000), cert. denied, 532 U.S. 944 (2001).  We consider the source and nature of the
error, the extent that it was emphasized by the State, its
probable collateral implications, the weight a juror would probably place on the
error, and whether declaring it harmless would be likely to encourage the State
to repeat it with impunity.  Harris v. State, 790 S.W.2d 568,
587 (Tex. Crim. App. 1989).  This
requires us to evaluate the entire record in a neutral, impartial, and even-handed
manner, not Ain
the light most favorable to the prosecution.@  Id. at 586.

We
cannot reverse a criminal conviction when there is no reasonable probability
that the error might have contributed to the conviction.  See Mosley, 983 S.W.2d at 259. 
In concluding that no harm was caused by the error here, we note that
the State=s
objection was not made until after Appellant=s
counsel had made his argument that Lieutenant Daniels had to testify as to why
he stopped Appellant=s car.  See Wiltz v.
State, 827 S.W.2d 372, 374 (Tex. App.CHouston
[1st Dist.] 1992) (holding error in sustaining objection to defense counsel=s
argument harmless when counsel had already made argument to jury and trial
court did not instruct jury to disregard), rev=d on
other grounds, 863 S.W.2d 463
(Tex. Crim. App. 1993).

Additionally,
Appellant was able to make the same argument numerous times later in his
closing argument without objection. 
Appellant further argued:

.
. .  And who stopped the car?  Daniels stopped the car.  So Daniels has to have some specific and articulable facts to believe that that guy is involved in
illegal activity before he pulls the car over, and they have to prove that to
you beyond a reasonable doubt.

 

Could
they have done that?  Sure.  Daniels is still in town.  They could have put Daniels up there to look
at you and say here=s what I saw or here=s what I heard.  I didn=t make this stuff
up.  This is the law.

 

.
. .

 

So
let=s talk about their
case for a minute, okay.  I mean, the law
here tells you you=ve got to throw it out.

 

.
. .

 

Daniels
didn=t come.  He had to come to prove his stop.

 

.
. . 

 

And
they didn=t bring the guy who stopped him so,
therefore, any evidence obtained from that stop is inadmissible because we don=t know what was going
through that cop=s mind when he
stopped him, and that=s something they=ve got to prove beyond
a reasonable doubt.

 

After
carefully reviewing the record and performing the required harm analysis under
rule 44.2(a), we hold beyond a reasonable doubt that the trial court=s
having sustained the State=s
objection did not contribute to Appellant=s
conviction or punishment.  Tex. R. App. P. 44.2(a). 
Accordingly, we overrule Appellant=s
sole point.

IV.  Conclusion

Having
overruled Appellant=s sole point, we affirm the
trial court=s
judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL:
GARDNER, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 9, 2010











[1]See Tex. R. App. P. 47.4.